[S. F. No. 108.   Department One.—March 6, 1896.]

EDWARD M. PATERSON, RESPONDENT, v. ALBERT SCHMIDT, EXECUTOR, ETC., APPELLANT.

ESTATES OF DECEASED PERSONS—NOTICE TO CREDITORS—TIME FOR PRE-SENTATION OF CLAIMS—INVENTORY—VALUE OF ESTATE—PAROL EVI-DENCE.—Athough the administrator of the estate of a deceased person estimated the value of the estate at less than ten thousand dollars, which was also subsequently shown by the inventory and appraisement of the estate, and in his notice to creditors required them to present their claims within four months, yet in an action upon a rejected claim pre-sented after that period had elapsed, there having been no decree of due publication of notice to creditors, and no judicial determination of the value of the estate, the plaintiff may show by oral evidence that the value of the estate at the time of the first publication of the notice was more than ten thousand dollars, and that he was therefore entitled to the period of ten months within which to present his claims.

APPEAL from a judgment of the Superior Court of the County of Alameda.   W. E. GREEN, Judge.

The facts are stated in the opinion of the court.

*C. C. Marsh*, and *Stephen G. Nye*, for Appellant.

The appraisement is the guide for the executor in determining the length of time of the notice to credit-ors, and as to him is conclusive.  (*Estate of Loeven*, Myrick, 203.)   If the creditor was dissatisfied with the appraisement, his remedy was by application to the court having the estate in charge; no other court had jurisdiction.  (*Hope* v. *Jones*, 24 Cal. 90; *Gurnee* v. *Ma-loney*, 38 Cal. 85; 99 Am. Dec. 352; *Auguisola* v. *Arnaz*, 51 Cal. 435; *Estate of Page*, 57 Cal. 241; *Brodrib* v. *Brod-rib*, 56 Cal. 563; *Siddall* v. *Harrison*, 73 Cal. 560; *Mc-Daniel* v. *Pattison*, 98 Cal. 86.)

*Charles F. Craddock*, for Respondent.

The inventory is only *prima facie* evidence of the amount of property of the estate.   (Code Civ. Proc., sec. 1833; 7 Am. & Eng. Ency. of Law, 307; *Livingston* v. *Mott*, 2 Wend. 608; *Troy* v. *Evans*, 97 U. S. 3; *Minor* v. *Tillotson*, 7 Pet. 99.)

Garoutte, J.—Schmidt, as executor of the last will and testament of Francis A. Moore, deceased, published a notice to creditors, requiring them to present their claims against the estate within four months after the first publication. Some time thereafter an inventory and appraisement was returned, showing the value of the estate to be six thousand four hundred and eighty-five dollars and ninety-five cents. Two months after the time for. presenting claims, as prescribed in the notice to creditors, had expired, this plaintiff presented a claim to the executor for services, which claim was rejected, upon the ground (presumably) that it was not presented in time. Action was brought upon this rejected claim, and at the trial it was shown by oral evidence that the estate of the deceased at the time of the first publication of notice to creditors was of a value in excess of ten thousand dollars, and the court made a finding of fact to that effect. The court also held that the creditors had ten months within which to present their claims against the estate, and that this claim was presented in time, and rendered judgment for plaintiff.

Section 1490 of the Code of Civil Procedure provides that every executor or administrator must immediately after his appointment cause to be published a notice to creditors, and section 1491 following provides that the time expressed in the notice must be ten months after its first publication, when the estate exceeds in value the sum of ten thousand dollars, and four months when it does not. Section 1443 of the same code provides that every executor or administrator must make and return to the court within three months after his appointment a true inventory and appraisement, etc. From the fact that the notice to creditors must be published immediately after the executor or administrator is appointed, and that the executor or administrator after his appointment has three months within which to return the inventory and appraisement, it is plainly observable that the law does not contemplate that the

executor or administrator shall obtain information from
the appraisement for the purpose of fixing the time
specified in the notice in which creditors may present
their claims.   It would seem, therefore, that the exec-
utor or administrator must for himself, and at his own
risk, investigate and determine the value of the estate
for the purpose of determining the time in which cred-
itors may appear and present their claims; and a wrong
determination of that fact by him may often result in
serious consequences, for his decision of the fact is in
no sense judicial, and therefore not binding and con-
clusive upon creditors.   The law, in effect, says that
when the estate is of greater value than ten thousand
dollars the creditors are entitled to ten months' notice.
It does not say that when the executor or administrator
determines its value to be greater than ten thousand
dollars the notice shall be for ten months; but it is the
fact, and not the executor's or administrator's determi-
nation of the fact, that is controlling.   The law gives the
creditors certain rights as to the time within which they
may present their claims, and no executor or adminis-
trator, by giving a four-months' notice, where he should
have given a ten-months' notice, can in any way de-
prive creditors of those rights.

In this case the trial court found the estate to be of
greater value than ten thousand dollars, and further found
that the claim was presented within ten months after
the first publication of notice to creditors.   Under that
state of facts the executor should have allowed the claim
as a valid and binding claim against the estate.   If there
had been a decree of due publication of notice to cred-
itors, entered by the probate court prior to the presenta-
tion of this claim to the executor, possibly such decree
would have been a bar to any investigation in this case
by the superior court as to the value of the estate when
the first publication was made; for such matter may
have been concluded by the decree declaring a sufficient
publication.   In this case the record discloses no such
decree, and there never was at any time in the probate

court a judicial determination, either directly or indirectly, as to the value of the estate, or the sufficiency of the notice to creditors; but that question is not here involved.

For the foregoing reasons, the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.