[S. F. No. 642.   Department One.—December 29, 1897.]

MARGARET TYNAN, Administratrix, et al., Appellants, v. MARY KERNS et al., Respondents.

ESTATES OF DECEASED PERSONS—TIME FOR NOTICE TO CREDITORS—ALLEGED FRAUDULENT UNDERVALUATION—EQUITABLE ACTION BY CREDITOR AFTER DISTRIBUTION — LACHES — MEANS OF KNOWLEDGE.—A complaint in an equitable action brought by a creditor of the estate of a deceased person, after the final settlement and distribution of the estate, to annul all proceedings in the matter of the estate, subsequent to the return of the inventory, and to compel the administratrix to allow the plaintiff's claim, upon the ground that the estate had been fraudulently undervalued, and that the notice to creditors should have been published for ten months, instead of four months, and alleging that plaintiff had no actual or constructive notice of such undervaluation, or of the proceedings for the settlement of said estate, but not alleging ignorance of the death of the decedent, nor of the appointment of the administratrix, nor of the inventory filed, does not state a cause of action; but the plaintiff, notwithstanding the allegation to the contrary, is chargeable with constructive notice of the proceedings, and, having had sufficient means of knowledge of the alleged undervaluation to be put upon inquiry, is chargeable with inexcusable laches, in not obtaining relief, if a fraud was being perpetrated, before the final settlement of the estate.

APPEAL from a judgment of the Superior Court of Santa Cruz County.  J. H. Logan, Judge.

The facts are stated in the opinion-

George P. Burke, for Appellants.

Charles B. Younger, for Respondents.

CHIPMAN, C.—A demurrer to the complaint was sustained on the ground that it did not state facts sufficient to constitute a cause of action, and, plaintiff declining to amend, judgment passed for defendants, from which plaintiff appeals.  It appears from the complaint that the defendants' intestate died in October, 1892, and on November 28th his surviving widow, one of defendants, was appointed administratrix of his estate, and on December 13th she returned her inventory and appraisement. The court made an order directing that publication of notice to creditors be made in the Santa Cruz *Daily Sentinel,* and it was so published from December 14 to January 17, 1893, and the next day the court made its decree that publication of notice had been duly made, limiting the time within which to present claims to four months; that the inventory showed real estate of the value of four thousand three hundred and sixty dollars, and personal property valued at three hundred and sixty dollars; that the real estate was community property, and that decedent had duly declared and recorded a homestead upon the same in 1884, for the benefit of his wife (one of defendants) and his family; that said administratrix filed her petition to have the said real estate set apart to her as a homestead, of the hearing of which notice was posted by the clerk of the court; and the court on December 27, 1892, granted the petition and set apart said real estate to her "in fee simple absolute"; that on July 7, 1893, the court made its decree distributing all the property of the estate, and on July 10, 1893, made its order discharging the administratrix from her trust; that on August 5, 1893, plaintiff presented her claim against said estate to said administratrix, who refused payment, whereupon, on August 21, 1893, plaintiff filed her complaint in this action.  The action is brought to annul all the proceedings in the matter of said probate subsequent to the re-

turn of the inventory and to compel the administratrix to allow plaintiff's claim. The relief is sought on the ground of the alleged fraud of the administratrix in conducting the administration of said estate, by which the court was misled to make the several orders and decrees already mentioned, to wit, the order directing notice to creditors, the decree establishing notice to creditors, and the order setting apart said real estate as a homestead.

The specific fraudulent acts alleged may be briefly summarized as follows: That the administratrix falsely stated in her petition for letters the value of the real and personal estate to be five thousand dollars, when she knew the value of the real estate was "twenty-five thousand dollars and of the personal property two thousand dollars"; that she procured the appointment of appraisers who would and did, in aid of her design to defraud plaintiff, return the value of the real and personal property at five thousand dollars, the purpose being to mislead the court into making the notice to creditors four months instead of ten months; that she selected a newspaper in Santa Cruz in which to publish the notices required by law to be published for the purpose of concealing the fact of publication from plaintiff, who it is alleged did not take said paper, and that said paper was not one of general circulation in Watsonville, near which town plaintiff resided; that the court was misled in setting apart all the said real estate as a homestead through the said fraudulent undervaluation; that plaintiff had no actual or constructive notice of any of the said orders complained of, and had no actual or constructive notice that creditors were required to present their claims within four months, but she supposed that claims would not be barred for ten months after notice given to creditors, inasmuch as the said real estate was of the value of twenty-five thousand dollars, and was so known to be by said executrix and by the public at large in the neighborhood; that the first actual notice plaintiff had of said orders was when she presented her claim and learned that the estate had been finally settled.

Appellants rely upon the decision of this court in *Paterson v. Schmidt*, 111 Cal. 457, as decisive of this case, where it was held that notice given by an administrator to creditors is not conclusive upon them. In that case there had been no decree entered

CXIX. CAL.—29

establishing due publication of notice to creditors, and the estate had not passed to final distribution, as is the fact here. As to what this court may hold when the question is presented under such circumstances, we need not speculate, inasmuch as in the view we take of the case now before us this question is not neces-sarily involved.

If appellants have not by their complaint presented facts suffi-cient to entitle them to the relief prayed for, it becomes imma-terial whether or not respondent gave due notice to creditors. We think they have failed, and that the demurrer to their com-plaint was properly sustained.

We do not think appellant can be heard to say that she had no notice of the various proceedings of which she complains. It is not alleged that she was ignorant of the death of decedent, nor that she was ignorant of respondent's appointment as adminis-tratrix, nor of the inventory filed by her. Appellant is, therefore, charged with knowledge, not only of the appointment, but of the petition upon which it was made and of the inventory. It is alleged that in this petition for letters respondent fraudulently understated the value of the property, as was also done in the inventory. Knowledge of the petition or the inventory put ap-pellant in possession of the one fact around which, as it seems, all the alleged fraud revolves; to wit, that the property, real and personal, was claimed to be of no greater value than five thou-sand dollars, when in fact it was worth twenty-five thousand dol-lars.

It is alleged in the complaint that notice to creditors was pub-lished in the Santa Cruz *Daily Sentinel* from December 14, 1892, to January 17, 1893, and as respondent had a right to so pub-lish it (Code Civ. Proc., sec. 1490) appellant is charged with con-structive knowledge thereof. The same is true of the notice of hearing petition to set apart the homestead, the petition for dis-tribution and its hearing and other proceedings, all of which ap-pear to have been regularly taken. At any one stage of the pro-ceedings, or at any time from the filing of the petition for let-ters to the final discharge of the administratrix, it was within the power of appellants to obtain relief, if a fraud was being perpe-trated.

Having knowledge that letters had issued to respondent, ad-

ministratrix, upon a petition in which the entire property was valued at five thousand dollars, plaintiff was thus warned that the notice to creditors might, under the law (Code Civ. Proc., sec. 1491), require creditors to file their claims within four months from the first publication; there was no duty put upon the administratrix to give more than the statutory time, but there was a duty put upon appellant to take notice of the time. Plaintiff's allegation that she had no constructive notice is not an allegation that she had no notice. Constructive notice is such notice as is imputed by law (Civ. Code, sec. 18), as to the effect of which the court can judge, notwithstanding such notice is denied. We think that the actual notice which appellant had of the death of decedent, and the issuing of letters to respondent, administratrix, and the inventory, carried with it notice of circumstances sufficient to put appellant upon inquiry of the particular fact of which she complains, and she thus had "constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, she might have learned such fact." (Civ. Code, sec. 19.)

At all the various stages of the proceedings, at least until the final distribution of the estate, appellant had an adequate remedy had she exercised ordinary prudence and diligence in the protection of her rights. Equity will not relieve against culpable negligence or inexcusable laches. Ignorance of the alleged fraud will not excuse appellant's laches, especially as her ignorance may be directly traced to her. (*Hecht v. Slaney,* 72 Cal. 363.)

With the actual and constructive knowledge already pointed out, and with full opportunity for adequate redress, appellant should not be allowed to wait until after final distribution of the estate and the discharge of the administratrix, and then to seek relief from consequences the result of her own inexcusable neglect, and which, by the exercise of ordinary prudence, she could have averted. It was said by Mr. Justice Harrison in *Shain v. Sresovich,* 104 Cal. 402: "The rule is well established that the means of knowledge is equivalent to knowledge, and that a party who has the opportunity of knowing the facts constituting the fraud of which he complains cannot be supine and inac-

tive, and afterward allege a want of knowledge that arose ·by reason of his own laches or negligence."

The judgment should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.