[Civ. No. 3430. First Appellate District, Division One.—September 1, 1920.]

MRS. MARTHA MORGAN et al., Appellants, v. LIZZIE ASHER, Respondent.

[1] Estates of Deceased Persons—Concealment of Property by Executrix—Extrinsic Fraud—Right of Beneficiaries.—Where a widow, who was the executrix of her deceased husband's will and also the trustee of certain beneficiaries under the will, failed to apprise such beneficiaries as to the existence of a large amount of personal property which she did not offer for probate, and failed to keep such beneficiaries informed as to the status of their rights during the course of the probate of the estate, and did not set forth their respective claims and rights in her petition for distribution of the estate, but caused the whole of the estate to be distributed to herself, she was guilty of extrinsic fraud entitling the beneficiaries to relief in a court of equity from the effect of the decree of distribution.

[2] Id.—Action to Establish Trust—Pleading—Ignorance of Existence of Property—Accounts.—In an action to establish that the executrix of a will and the sole distributee of an estate held certain property in trust for alleged beneficiaries by reason of the commission of certain acts alleged to constitute extrinsic fraud, the complaint should allege that the plaintiffs at the time of the settlement of the defendant's final account were unaware of the existence of the property as a part of the testator's estate. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Reversed.

The facts are stated in the opinion of the court.

Davis & Rush and Earle & McLaughlin for Appellants.

Nathan Newby for Respondent.

RICHARDS, J.—This is an appeal, from a judgment rendered in the defendant's favor after her demurrer to the fourth amended complaint of the plaintiffs had been sustained.

The defendant is the widow of one G. M. Asher, deceased, and the executrix of his last will. She is also the sole distributee of his estate under the decree of distribution made in

the course of the probate of the decedent's said will and estate. The plaintiffs are relations of the said deceased in various degrees, the plaintiffs, Mrs. Martha Morgan and Mrs. T. S. Gibson, being his sisters, Mrs. Cynthia Hall and Mrs. Sarah Wilsey, his nieces, Tyrus Howard his nephew, and Mrs. Nancy Asher the wife of his brother, A. B. Asher. This action was instituted by these plaintiffs to have it adjudged that the said defendant holds certain money and other personal property, which was the separate property of her deceased husband, as the trustee of the plaintiffs, and that the same be applied to the payment of certain legacies to said plaintiffs and to certain other of his heirs and devisees under the terms of his said will.

The averments of the plaintiffs' fourth amended complaint set forth the facts upon which the plaintiffs predicate their demand for said relief, and these facts may be briefly summarized as follows: G. M. Asher at the time of and for several years prior to his death resided in the city of Los Angeles with his wife, Lizzie Asher, and he was then the owner of certain real and personal property, all of which the plaintiffs allege to have been the separate property and estate of said G. M. Asher prior to and at the time of his death, which occurred on or about March 4, 1915. For some time previous to his death G. M. Asher was in a feeble state of health, on account of which he was unable to look after and attend to his business as he had previously done, and that owing to his sickness and ailments his said wife had been given the care and management of all of his said property as his agent or employee, and that as such she had in her personal possession and control the whole of said property and particularly the said personal property and estate of said G. M. Asher, which consisted chiefly of notes and bonds of a value in excess of one hundred thousand dollars. That said G. M. Asher left a last will and testament by the terms of which he bequeathed to his said wife, Lizzie Asher, the sum of eighty thousand dollars, to be first paid out of the funds and properties in his estate, and further bequeathed the sum of about twenty thousand dollars in the form of specific legacies directly or in trust to a number of his said relatives, including the plaintiffs herein, and also those several persons who are joined as parties defendant with the de-

fendant herein. Certain of these legatees were his brothers and sisters, and were thus his heirs under the law of succession, as well as his legatees under the will. Certain others were nephews and nieces, among the latter of which was Hannah Asher, in trust for whom the said G. M. Asher bequeathed the sum of one thousand dollars to his said wife, Lizzie Asher, to be held by the latter in such trust until said Hannah Asher reached the age of twenty-one years, the said Lizzie Asher being in the meantime nominated in said will to act as her guardian without bond. The will provided that these legacies should abate in the event that his estate was found to be worth less than eighty thousand dollars, in which event the whole of his said estate was to be devoted to the payment of the bequest of eighty thousand dollars to his said wife.

The plaintiffs further allege that upon the death of said G. M. Asher, and while said Lizzie Asher was in possession and control of the whole of his property and estate as aforesaid, and was also possessed of full knowledge that the same and the whole thereof was the separate property and estate of her said husband, and was of a value in excess of one hundred thousand dollars, and that these plaintiffs and also those other persons who were named in said will as legatees and who are joined with the defendant herein as defendants were and each of them was entitled to the several legacies to be paid to them and each of them according to the terms of said will, she formed the purpose of fraudulently deceiving the court within which the said last will and testament was to be offered for probate and within which the said estate of said decedent was to be probated, and that in pursuance of said fraudulent intent she concealed from said court during the entire course of the probate of said will and of said estate the fact that said decedent had or left at the time of his death any property whatever other than the said piece of real property, which was of the value of about six thousand dollars, and that in returning her inventory of said estate and also in her account and petition for distribution therein she falsely and fraudulently represented to said court that the said piece of real estate was community property of the value aforesaid, and that her deceased husband had no property or interest in any property other than said real estate, and that she pur-

posely and falsely and fraudulently and with intent to deceive said court and to defraud the aforesaid legatees of said decedent out of their portion of said estate, failed to set forth or disclose in any of said proceedings, and particularly in the final account and petition for distribution therein, the existence of the said personal property of said decedent, or the fact that the same was a portion of his estate, and that the said court in the course of the probate of said estate, and being deceived and misled by the said defendant's fraudulent acts and practices, distributed the entire estate of said decedent to said defendant, Lizzie Asher, to the exclusion of all the aforesaid heirs and legatees of said deceased. That at and during the whole period of the probate of said estate each and all of the said plaintiffs and legatees, other than said Lizzie Asher, were nonresidents of the state of California and were absent therefrom and were residents of various other states of the United States, and that none of them had any notice or knowledge of the aforesaid false and fraudulent acts of said defendant, Lizzie Asher, and particularly of her filing of said false and fraudulent account and petition for distribution or of the contents thereof, or of the hearing thereon; and that in consequence thereof said plaintiffs were not present or represented at said hearing nor in the making or filing of said decree of distribution whereby the said defendant, Lizzie Asher, was given the whole of her deceased husband's property and estate. The plaintiffs further allege that after said decree of distribution had become final they became advised of the true state of facts and of the fraud practiced by the said defendant, Lizzie Asher, upon said legatees of her deceased husband, and that upon coming into possession of such knowledge they instituted the present action, seeking the relief set forth in the prayer to their said fourth amended complaint or such other or further relief in equity as should be meet in the premises.

The demurrer of said defendant, Lizzie Asher, to said fourth amended complaint was sustained by the trial court, and from the judgment thereon the said plaintiffs have prosecuted this appeal.

[1] The sole question presented for determination upon this appeal is as to whether or not the aforesaid acts and conduct of the respondent herein—which for the purposes

of the demurrer were conceded to be fraudulent throughout —constituted such extrinsic fraud as would be sufficient to entitle the plaintiffs herein to relief in a court of equity. The position of the respondent herein is that her said fraud, conceived prior to and persisted in during the course of probate of her husband's estate, was intrinsic fraud; and that being so, and the appellants herein having been admittedly given constructive notice of every step in the course of the probate of said estate through the publication and posting of the several notices required by law to be published or posted during the course of the administration of estates, and the court having thereby acquired jurisdiction not only over the probate of said estate but over the plaintiffs and all other persons having or claiming, either as heirs or legatees of said decedent, an interest therein, the said plaintiffs are now precluded by the finality of the decree of distribution in said estate from seeking or obtaining relief in a court of equity.

In making this contention the respondent strongly relies upon the cases of *Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Fealey* v. *Fealey,* 104 Cal. 354, [43 Am. St. Rep. 111, 38 Pac. 49]; *William Hill Co.* v. *Lawler,* 116 Cal. 359, [48 Pac. 323]; *Crew* v. *Pratt,* 119 Cal. 139, [51 Pac. 38]; *Mulcahey* v. *Dow,* 131 Cal. 73, [63 Pac. 158].

We have carefully examined the foregoing line of authorities and many others to which our attention has been directed in the course of this inquiry; but these have not satisfied us that the fraudulent designs and actions of the respondent herein, conceived and carried into effect prior to and during the course of probate of the estate of her deceased husband, were such as to constitute merely intrinsic fraud, from the effect of which these appellants were not entitled to relief in a court of equity.

It is to be noted herein that the respondent is not shown to have occupied, with reference to the heirs and devisees of her deceased husband, merely the position and attitude of an executrix of his estate. As such executrix she probably, under some of the authorities relied upon by the respondent, owed to the said heirs and legatees of said deceased no other or further duty than that of giving them such notices of the various steps in the course of the pro-

bate of the estate of said decedent as are required to be given by law. But the said respondent, according to the averments of the plaintiffs' fourth amended complaint, is shown to have occupied another and more vital relation to these heirs and legatees of her husband than merely that of the executrix of his estate. She is averred to have occupied toward her said husband during the latter days of his lifetime and up to the date of his death the position of his agent, intrusted by him with the exclusive custody and control of the whole of his real and personal property, and particularly of that most important portion thereof which consisted of bonds and other securities of the value of at least one hundred thousand dollars. As to these latter properties she was his trustee, as such agent, at the time of his death, and immediately upon his death she became the trustee of all those persons who, either as heirs or legatees, were entitled to share in his said estate by virtue of this relationship or under the provisions of his will.

In addition to this trust imposed upon the respondent by the fact of her husband's death and which antedated the presentation of his will for probate, the respondent was also made by the terms of said will the trustee of a certain legacy given to one Hannah Asher and was nominated in said will as the guardian of said Hannah Asher during the period of her minority. In her capacity as the said trustee of each and all of these beneficiaries, and particularly as the guardian of said minor, it became and was the duty of said respondent to have exercised the utmost good faith toward each and all of said persons in relation to the extent and nature of her deceased husband's property and estate. It was her duty not only during and through the course of the probate of said estate to make full disclosure to the court and to these several parties as to the nature, extent, and character of said estate; but independent of and apart from such probate proceedings, it was her further duty to see to it that those several persons entitled to their distributive share in said estate were fully informed as to their rights in the premises, to the end that said rights might be fully protected in the distribution of said estate.

We are of the opinion that in respect of the aforesaid duties of said respondent and of their alleged breach on her part the case of *Sohler* v. *Sohler*, 135 Cal. 323, [87 Am.

St. Rep. 98, 67 Pac. 282], is to be given application to the
facts of this case. In that case the defendant complained
of was shown to have occupied not merely the relation to
the plaintiffs therein of executrix of the estate in question,
but she occupied the further relation of mother and natural
guardian of the plaintiffs in the case, who were entitled as
the children of her deceased husband to certain distributive
shares in his estate. Her fraud consisted in certain false
and fraudulent representations made to the court in the
course of the distribution of said estate, by which the
plaintiffs therein were prevented from receiving such
shares. The supreme court, while fully recognizing the rule
that intrinsic fraud was not such fraud as equity would
relieve against, proceeded to say: "But when we come to
scan the allegations of this complaint it will be discovered
that there is more alleged than the mere procurement of
this decree by false evidence. The executrix of the estate
was not alone the trustee of all of the heirs of the estate
and of all the parties in interest thereto and thereunder.
She was the mother of these minor plaintiffs, had their ac-
tual custody and control, and, as their natural guardian,
was chargeable with all the high duties pertaining to that
relationship. As executrix merely it might be argued that
she was a disinterested party, having no concern whatso-
ever in the question of heirship or right of distribution,
standing indifferent between the parties, and interested
only in carrying into effect the determination of the court
upon these questions. But, as the mother and natural
guardian of these plaintiffs, her position was a very differ-
ent one. She was under most solemn obligation to protect
the legal rights of her infant and dependent offspring. She
was under like obligation to disclose to the court, on their
behalf and in their interest, all knowledge which she pos-
sessed, and she was under the same obligation to see that
their legal claims to the estate were properly presented be-
fore the court in probate. . . . " And the supreme court
holds that her failure to perform the duties imposed upon
her by the aforesaid relationships constituted extrinsic
fraud which entitled the plaintiffs to relief in a court of
equity. We are of the opinion that the same situation is
presented in the instant case; and that the fraud of the
respondent herein in failing to apprise the parties plaintiff

in this case and the other heirs and legatees of her deceased husband, who are also parties hereto by being made codefendants with her therein, as to the existence of the large amount of personal property of her deceased husband of which at the time of his death she was his agent and thereafter their trustee, and her further failure to keep them informed as to the status of their rights during the course of the probate of the estate, and of her especial failure to set forth their respective claims and rights in her petition for distribution of said estate, and the fraud, deception, and concealment which she thereby practiced upon said court and upon each of them in causing the whole of said estate to be distributed to herself, must be held to have been extrinsic fraud entitling said plaintiffs to the relief from the effects of· said decree which they are now seeking in a court of equity. (*Sohler* v. *Sohler, supra; Aldrich* v. *Barton,* 138 Cal. 220, [94 Am. St. Rep. 43, 71 Pac. 169].)

The judgment is reversed, with instructions to the trial court to overrule the said defendant's demurrer and require said defendant to answer the averments of the plaintiffs' fourth amended complaint.

Waste, P. J., concurred.

WELCH, J., *pro tem.*, Concurring.—I concur in the conclusion of Mr. Justice Richards, and particularly in that portion of the opinion holding that the defendant was at the time of the death of her husband a trustee of plaintiffs, and that she now holds the property of the estate in trust. I am inclined to hold to the opinion that all the personal property of the estate was never administered upon. The executrix of the estate was interested in the property of the estate. She chose to present to the court for administration one piece of property only. In her final account and petition for distribution she stated and under oath verified: "The entire estate of said deceased now in the hands of said executrix consists of the following" (then follows a description of the piece of real estate, the only property inventoried and the only property mentioned anywhere in any of the proceedings of the estate). And in this same final account and petition she alleges and verifies: "That the only property belonging to said deceased at the time of his death was

the home place, being community property [and again describing the six thousand five hundred dollar piece of realty, the only property mentioned in the estate], . . . and all said property belonging to said estate shall be distributed to her''—the defendant. Again, in the same final account and petition she stated under oath that there are ''no moneys or funds or personal property belonging to said deceased''; ''that the estate to be distributed consists of'' (again describing the beforementioned lot of real estate).

The decree of distribution ordered, adjudged, and decreed ''That said Lizzie Asher, as such executrix, has in her possession belonging to said estate . . . a balance of six thousand five hundred dollars, which consists of the real property hereinafter described . . . and that by operation of law and in pursuance of and according to the provisions of the last will and testament of said deceased, the aforesaid balance of real estate hereinafter described and all other property belonging to said estate, whether described herein or not, is distributed as follows.'' The defendant is named as the sole distributee, and the property specifically described is the same property inventoried and none other. In reference to the personal property of a value of more than one hundred thousand dollars the plaintiffs, in paragraph XIII of their fourth amended complaint, seem to seek to have this property impressed with a trust independent of the administration of said estate. The paragraph reads as follows:

''Plaintiffs are informed and believe and upon such information and belief aver the truth to be that all of the said property mentioned in paragraph VI hereof is now, and ever since the death of George M. Asher has been in the hands of defendant Lizzie Asher, and this is the same property that was owned, possessed and controlled by George M. Asher as his sole and separate property at the date of his death, and that. the same was never scheduled or accounted for in any way as the property of said decedent, and said Lizzie Asher now holds said property as trustee for the benefit of plaintiffs to the extent of said above-mentioned legacies, payable to each of them, and that the total value of said property so held by defendant Lizzie Asher, as before stated, is in excess of the sum of one hundred thousand dollars.''

. Under the caption "The complaint does not state a cause of action also because it does not show injury to the appellants" the respondent argues that inasmuch as the court found that "the property of said estate to be community property," the plaintiffs are not injured even if defendant did deceive the court and defraud or attempt to defraud the plaintiffs by withholding the main body of the estate from specific administration.· They reason that since plaintiffs were to receive their legacies from an excess over eighty thousand dollars and not otherwise, the allegations of the complaint show that the whole value of the estate was about one hundred thousand dollars, and the court having found that the property of the estate was community property, it would leave only about fifty thousand dollars in value subject to testamentary disposition.

The portion of the decree above quoted is found in the recitals of the decree. Even if we consider such recital as an adjudication of the fact, such a judgment applies to the specific property before the court. The trial court in all of its adjudications in the matter of this estate had but one piece of property before it, and it was passing judgment on that one piece alone. It may well be that the home place was community property and all other property not administered upon was separate property. To hold that all of the property belonging to the deceased in this case under the allegations of the pleadings of plaintiffs was distributed to defendant under the general clause of the decree would certainly be placing a high premium upon fraud. For the express purpose of defrauding the legatees named in her husband's will she withheld the property from administration. She intended the court to believe, and the court did believe, that there was no other property than the lot of real estate hereinbefore mentioned. The court on the face of the decree, where it found that said property was "the property of said estate . . . so far as the same is known," was dealing with and passing judgment upon that piece and that piece alone. Section 1698 of the Code of Civil Procedure implies that administration of a part of an estate, such as disclosed here, is not exclusive and complete. The property not administered upon and which by the majority opinion is held in trust for the appellants may be considered as property discovered after final settlement, and there-

fore subject to be administered upon under a subsequent issue of letters testamentary.

A petition for a rehearing of this cause was denied by the district court of appeal on October 1, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for rehearing there is one point not touched upon in the opinion of the district court of appeal, of which we would speak. The defendant as executrix of her husband's will held the property of the estate in a trust capacity for those finally entitled to it. That property she was required to account for in that trust capacity. To such accounting, to its settlement, and to the reopening of the account after settlement in order to charge her with additional property not accounted for by her, the principles apply which are applicable in the case of accounts of trustees in general. These are the principles applicable in the present case. The respondent, however, if not the appellants as well, treats the case as one of reopening a decree of distribution. It may be that in one sense, but the decree of distribution under the will in the present case was dependent upon and was determined by the amount of property for which the defendant was held accountable upon the final settlement of her accounts as executrix. The present action is, therefore, really one to reopen the settlement of the defendant's account and charge her with property which she is alleged to have fraudulently failed to return. The reopening of the decree of distribution is but an incident of the reopening of the account by which the decree of distribution was determined. The principles applicable are, therefore, as we have said, those applicable to the reopening of the account of a trustee after final judicial settlement.

[2] Applying those principles, the complaint in the present case is defective in a particular not noticed apparently by counsel. It does not allege that the plaintiffs at the time of the settlement of the defendant's account were unaware of the existence as a part of the testator's estate

of the property with which they now seek to charge the defendant. The defendant's application for the settlement of her account directly put in issue as between herself and the beneficiaries for whom she was acting, among whom were the plaintiffs, the question as to what property was properly chargeable against her, and the question was concluded by the settlement of the accounts so far as the plaintiffs had information upon which they could make the issue. This last statement is subject to the qualification, of course, that the plaintiffs were not fraudulently prevented in some manner from raising the issue, but this element does not seem to be present in the case at bar. The case is one in which the beneficiaries of a trust merely refrain from taking any part in the settlement of the trustee's account. Their so absenting themselves cannot affect the conclusive nature of the settlement of the account as to any issue involved which they might have raised and contested if present. But, on the other hand, whether present and participating in the settlement or not, the settlement is not conclusive against a charge of fraud upon an issue which the plaintiffs could not have raised. Such fraud is "extrinsic" to the proceeding. There is, as we have said, no allegation in the present complaint that the plaintiffs were unaware of the property in question as a part of the testator's estate, and in the absence of such an allegation there is nothing to show that the plaintiffs were not in a position to present the claim that it was such property.

While the complaint was open to demurrer in the particular mentioned, yet it is a particular to which attention was not called either in this court or in the district court. It would not be just under the circumstances that the judgment on demurrer be sustained without the plaintiffs having an opportunity to amend the complaint if they can do so by averment in accordance with the fact. We therefore concur in the order of reversal by the district court of appeal.

Shaw, J., Lawlor, J., Olney, J., and Sloane, J., concurred.