[Civ. No. 3506. First Appellate District, Division One.—October 6, 1920.]

## WILLIAM BRADFORD, Respondent, v. JOHN G. TRAPP et al., Appellants.

[1] JUDGMENTS — JURISDICTION — CORRECTION OF ERRORS. — Where a court has jurisdiction it has a right to decide every question arising in the cause, and, whether its decision be correct or otherwise, its judgment until reversed is binding on every other court; and errors which it may make must be corrected from within by motion or appeal.

[2] ID.—SUIT UNDER MCENERNEY ACT—SERVICE OF SUMMONS.—In a suit to establish title under the McEnerney Act, if the statutory mode and requirements for service of summons are fully complied with the service of summons by such mode is as effective for all purposes as personal service.

[3] ID.—IMPEACHMENT FOR MISTAKE—ERRONEOUS DECISION NOT MISTAKE.—While a judgment may be impeached for mistake as well as for fraud, error by the court in the decision of an issue squarely before it is not, in the legal sense of the word, a mistake.

[4] ID.—SUIT UNDER MCENERNEY ACT—ISSUES—INTRINSIC MISTAKE—CORRECTION.—In a suit to establish title under the McEnerney Act, the court has jurisdiction to try and determine all estates in the property; and its mistake, if any, is one in the very matter before

it, hence it is intrinsic and not subject to correction after the time for appeal has expired.

[5] ID.—FORGED DEED—CONCLUSIVENESS OF JUDGMENT.—In a suit to establish title under the McEnerney Act, if the court has jurisdiction of the subject matter and of the parties, its decree establishing title cannot be set aside in an independent suit in equity brought for that purpose because the deed upon which that title rests was a forgery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

George Clark Sargent, Tobin & Tobin and Geo. A. Clough for Appellants.

Charles L. Brown and Clarence E. Todd for Respondent.

KINSELL, J., *pro tem.*—Defendants prosecute this appeal from a judgment in a suit in equity brought to vacate a judgment obtained by them as plaintiffs in a suit brought pursuant to the McEnerney Act (Stats. 1906, Ex. Sess., p. 78) against All Persons.

There is no material dispute as to the facts of the case, which are substantially as follows:

Defendants purchased certain real property on March 4, 1915, and upon paying therefor received a deed wherein one William Bradford was named as grantor, which deed was immediately recorded. They entered into possession of the premises and proceeded to erect a dwelling thereon, and on June 4, 1915, commenced a suit under the McEnerney Act, which resulted in a judgment establishing the fact that they were the sole owners of the premises, which judgment was entered September 25, 1915. The proceedings in such suit are apparently regular and the judgment on the face of the record appears to be valid. The respondent was not in name made a party defendant in such suit nor was he personally served with summons therein.

In January, 1917, after the McEnerney judgment had become final, respondent Bradford appeared, claiming that the deed to appellants, and on which they based their title and claim in the McEnerney suit, was a forgery. His mo-

tion for relief in the McEnerney suit having been denied, the present suit was instituted.

In this suit respondent recovered the judgment from which the appeal is taken. The respondent sought judgment on several counts, but that relied upon, and upon which the judgment of the lower court rests, sets forth that the judgment in the McEnerney suit was granted by mistake in that it was not disclosed to the court that said deed purporting to have been executed by respondent to the appellants was a forgery. There is no element of fraud involved, since it appears affirmatively, and the trial court found, that the appellants did not know their deed to be a forgery, but believed it to be valid. The trial court further found, however, that the deed in dispute was a forgery.

Appellants contend that the judgment in the McEnerney suit is final and conclusive upon the question of title to the property. Stripped of its side issues concerning the admissibility of evidence, the appeal becomes practically a test of the strength of a McEnerney title.

It is our opinion that appellants' contention must be sustained.

[1] It is a doctrine of law too long established to require the citation of authorities that where a court has jurisdiction it has a right to decide every question arising in the cause, and, whether its decision be correct or otherwise, its judgment until reversed is binding on every other court. Errors which it may make must be corrected from within by motion or appeal.

A judgment is conclusive upon all the issues raised in the pleadings and passed upon by the court and the parties are precluded from litigating the same matter in a new action. (Code Civ. Proc., sec. 1908.)

[2] The proceedings in appellants' McEnerney suit were regular and the statutory mode and requirements for service of summons were fully complied with. Hence, the service of summons by such mode was as effective for all purposes as personal service. (*Emery* v. *Kipp,* 154 Cal. 83, [129 Am. St. Rep. 141, 16 Ann. Cas. 792, 19 L. R. A. (N. S.) 983, 97 Pac. 17].)

[3] It is true, as respondent contends, that a judgment may be impeached for mistake as well as for fraud,

but error by the court in the decision of an issue squarely before it is not, in the legal sense of the word, a mistake.

[4] The court in the McEnerney suit had jurisdiction to try and determine all estates in the property. Title was the issue directly before the court. Its mistake, if any, was one in the very matter before it, hence it was intrinsic and not subject to correction after the time for appeal had expired.

[5] The forged deed in evidence was the equivalent of perjured testimony, and it is the settled law of this state that a judgment cannot be set aside because it is predicated upon perjured testimony. There must be an end to litigation. (*Pico* v. *Cohn*, 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537] ; *People* v. *Mooney*, 178 Cal. 525, [174 Pac. 325].)

Since the McEnerney suit brought in as defendants all persons claiming any estate in the property in dispute, respondent was in law a party thereto just as though he had been expressly named therein. The court had jurisdiction of the subject matter and of the parties, and the decree operated upon all persons claiming or having any claim to any estate, right, or title in the property in question.

Judgment is, therefore, reversed, and the trial court is instructed to enter judgment for defendants.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1920.

Angellotti, C. J., Wilbur, J., Lennon, J., and Sloane, J., concurred.