[Civ. No. 2388.   Third Appellate District.—January 13, 1922.]

## ANNA BENNING, Respondent, v. EMMA NEVIS et al., Appellants.

[1] ESTATES OF DECEASED PERSONS—SETTLEMENT OF ACCOUNT AND DISTRIBUTION—NOTICE OF HEARING.—No legal duty rests upon an administrator to give any other notice of the hearing of the settlement of his final account and petition for distribution of the estate than that required by the statute.

[2] ID.—UNPAID CLAIM—FALSE REPRESENTATIONS OF ADMINISTRATOR—DISTRIBUTION—RELIEF—PLEADING AND EVIDENCE.—Where an administrator fails to include in his final account the balance due on an allowed claim and represents to the court that all claims have been paid, and the order and decree has become final, the claimant must allege and prove extrinsic fraud to obtain relief against the distributees.

[3] ID.—SETTLEMENT OF ACCOUNT AND DISTRIBUTION—PROMISE OF ADMINISTRATOR TO CLAIMANT—NATURE OF.—The promise of an administrator to notify a claimant personally of the time set for hearing the final account and petition for distribution is personal rather than representative, and the failure to keep it does not make it fraudulent unless made without intention to perform.

[4] ID.—FALSE REPRESENTATIONS — PAYMENT OF CLAIMS — INTRINSIC FRAUD.—The failure of an administrator to include a claim against the estate in his final account and his representation to the court that all claims have been paid does not constitute extrinsic fraud.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Reversed.

The facts are stated in the opinion of the court.

Faulkner & Faulkner for Appellants.

Thomas B. Leeper for Respondent.

FINCH, P. J.—Plaintiff recovered judgment for the balance due upon her claim allowed against the estate of the above-named decedent. The judgment declared the amount of such claim to be a lien upon the real property of the estate which had been distributed to the heirs; that the heirs held such property "in trust for the purpose of paying the amount" found due the plaintiff, and ordered the sheriff to sell such property to satisfy the judgment.

Plaintiff's claim was duly allowed for $992 and December 26, 1908, she was paid all but $331.13 thereof. The complaint alleges and the court found that at the time of such payment Joseph M. Nevis, the then administrator of the estate, and A. C. Hinkson, his attorney, told plaintiff that the estate could not be settled until the youngest heir became of age in September, 1916, and that the balance of her claim would be paid at the time of such settlement and would be included in the final account and an order of court procured for the payment thereof; that plaintiff agreed to await payment until the time stated and informed them "that she desired to go to Napa . . . for her future residence," and that they told her "that they would write to said plaintiff should anything transpire; that no such notice or letter was ever written"; that the plaintiff relied on said promises and on the promise of the defendant "Emma Nevis to inform plaintiff of the time said estate would be settled, and by reason of said reliance on said promises she did not watch said estate to keep herself informed as to the time the same was settled and distributed, and was misled and prevented from having any knowledge of the purported final account or decree of distribution in said estate, and was prevented from objection to the settlement or distribution of said estate." There is no allegation or finding, however, that Emma Nevis had made any such promise.

It was further alleged and found that the administrator, Joseph M. Nevis, died June 22, 1909, and that the plaintiff "read an account" of his death; that Joseph Miller was appointed administrator to succeed said Nevis and that A. C. Hinkson acted as attorney for Miller; "that thereafter and before the filing of the final account . . . said A. C. Hinkson died and C. A. Elliott was retained as attorney for Joseph Miller said administrator"; that on or about October 15, 1913, Miller, as such administrator, filed his final account and petition for distribution; that neither the final account nor any other account included plaintiff's claim and that the balance due thereon has not been paid; that said administrator "carelessly and negligently and in fraud of plaintiff's rights therein, failed to exhibit the balance due on plaintiff's claim to the court . . . in said final account or in any account filed in said estate and did therein and thereby represent to the court that said account was correct and that all claims in said estate had been paid and . . . proceeded to have settled and distributed said estate, without calling the court's attention to said claim"; that at all times mentioned the plaintiff was a resident of Napa and had no knowledge of the filing of the final account and petition for distribution and was not present at the hearing thereof, and that she "learned, for the first time, during the month of July, 1916, that said purported final account had been settled and allowed and that said estate had been distributed"; that said estate was distributed to the heirs and that at the time this action was commenced, December 24, 1917, the legal title to the real property of the estate was in the appellants who were heirs of the deceased.

[1] In the absence of any showing or contention to the contrary, it must be presumed that notice of the time set for hearing the final account and petition for distribution was given as required by the statute. The plaintiff was charged with constructive knowledge thereof. (*Tynan* v. *Kerns,* 119 Cal. 450 [51 Pac. 693].) No legal duty rested upon the administrator to give any other notice. (*Monk* v. *Morgan,* 49 Cal. App. 154 [192 Pac. 1042].) It was his duty, of course, to report plaintiff's claim to the court and to pay the same. [2] Since the order settling the final account and the decree of distribution became final before

the action was commenced, it devolved upon the plaintiff to allege and prove extrinsic fraud.

[3] The respondent contends that failure to notify her personally of the time set for hearing the final account and petition for distribution as promised by the administrator Nevis and his attorney constituted extrinsic fraud, that "this amounted to keeping plaintiff away from court and preventing her from fully exhibiting her case." The giving of such personal notice was no part of the official duty of the administrator and his promise must be regarded as personal rather than representative. Failure to keep a promise does not make the promise fraudulent unless it was made without intention to perform. (Sec. 1572, Civ. Code.) Extrinsic or collateral fraud "is defined to be 'actual fraud, such that there is on the part of the person chargeable with it the *malus animus*, the *mala mens* putting itself in motion and acting in order to take an undue advantage of some other person for the purpose of actually and knowingly defrauding him.' (*Patch* v. *Ward*, L. R. 3 Ch. App. 207.)" (*Flood* v. *Templeton*, 152 Cal. 155 [13 L. R. A. (N. S.) 579, 92 Pac. 81]; *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 133 [47 Pac. 1016]; *Lynch* v. *Rooney*, 112 Cal. 279 [44 Pac. 565].) There is no allegation or finding that the promise alleged was made other than in good faith. The plaintiff knew of the death of Nevis. She is presumed to know the law. The death of a party terminates the authority of his attorney. (*Estate of Turner*, 139 Cal. 85 [72 Pac. 718]; *Bell* v. *San Francisco Sav. Union*, 153 Cal. 64 [94 Pac. 225].) Knowing of the death of Nevis and the termination of his attorney's authority, the plaintiff could not thereafter reasonably rely on the personal promise made by them. Her alleged reliance on such promise cannot avail her in this action.

[4] The respondent contends that the failure of the administrator Joseph Miller to include plaintiff's claim in the final account and his representation to the court that all claims had been paid, thereby inducing the court to make an order that all claims had been paid, constituted "extrinsic fraud practiced upon the court and upon the plaintiff." The distinction between intrinsic and extrinsic fraud is well illustrated in the case of *Monk* v. *Morgan, supra*. The de-

fendant Morgan, during the whole course of the administration of the estate therein involved, commencing with his petition for letters of administration, falsely represented to the court that he and his sister were the sole heirs of the decedent, Mrs. Cox, and by such false representations procured a decree of distribution to be made on that basis. It was held that such false representations constituted intrinsic fraud from the effect of which a court of equity could not give relief. Morgan, however, during the administration, had sent a remittance to one of the defrauded eastern heirs, under such circumstances as to induce such heirs to believe that Mrs. Cox was then living, with the fraudulent design of concealing the fact of her death and of preventing them from making timely appearance to contest his false representations and prove their interest in the estate. This was held to constitute extrinsic fraud. The alleged false representations made in the final account and petition for distribution in this case in no manner prevented the plaintiff from appearing at the hearing thereof and contesting the same, but related solely to the issues which were before the court for determination in that proceeding and to matters upon which the order and decree were obtained. Appellant's contention that such representations are intrinsic is sustained by a long line of decisions. (*United States* v. *Throckmorton,* 98 U. S. 61 [25 L. Ed. 93, see, also, Rose's U. S. Notes]; *Eisenmayer* v. *Thompson,* 186 Cal. 538 [199 Pac. 798]; *People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325]; *Flood* v. *Templeton,* 152 Cal. 155 [13 L. R. A. (N. S.) 579, 92 Pac. 78]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317]; *Mulcahey* v. *Dow,* 131 Cal. 75 [63 Pac. 158]; *Pico* v. *Cohn,* 91 Cal. 133 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Bradford* v. *Trapp,* 49 Cal. App. 493 [193 Pac. 584]; *Morgan* v. *Asher,* 49 Cal. App. 172 [193 Pac. 288]; *McGehee* v. *Curran,* 49 Cal. App. 186 [193 Pac. 277]; *Huffaker* v. *Gray,* 38 Cal. App. 605 [177 Pac. 183]; *McGavin* v. *San Francisco P. O. A. Soc.,* 34 Cal. App. 171 [167 Pac. 182].)

Appellant urges that the alleged cause of action is barred by the statute of limitations. The appeal is on the judgment-roll alone and it cannot be ascertained therefrom when the final account was settled or the decree of distribution

made, and therefore it cannot be determined on this appeal whether the action is barred.

The judgment is reversed.

Burnett, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 11, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 13, 1922.

All the Justices concurred, except Waste, J., who was absent.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.