453 P.2d 516

Arthur L. FUNK, as Executor of the Estate of Benjamin A. Funk, Deceased, Petitioner,

v.

The SUPERIOR COURT of Arizona IN AND FOR the COUNTY OF MARICOPA and W. E. Patterson, a Judge thereof; and Charles John Funk, Respondents.

No. 9461.

Supreme Court of Arizona.

In Banc.

April 24, 1969.

O'Connor, Cavanaugh, Anderson, West-over, Killingsworth & Beshears, Phoenix, for petitioner.

Bayham & Ferrin, Phoenix, for respondents.

HAYS, Justice.

The petitioner, Arthur L. Funk, is the executor of the estate of Benjamin A. Funk, deceased, and has been since his appointment January 15, 1946. The first account and report of petitioner was settled and approved on December 27, 1946, and the second account and report on December 2, 1955.

On May 15, 1965 the respondent, Charles John Funk, filed a petition in Probate to remove the executor for the alleged embezzlement of funds of the estate. Thereafter, on June 28, 1968, the respondent filed a petition to surcharge the executor for said assets, and on July 25, 1968, he filed a motion to vacate the first and second accounts.

A hearing was set July 16, 1968, before the Honorable W. E. Patterson on order to show cause. A motion to dismiss had been filed by petitioner. Much of the hearing was devoted to educating the trial judge on the many and complex matters and proceedings related to this estate, which had preceded the hearing. At the conclusion counsel agreed to attempt to work out a stipulation as to the relevant facts, and to present appropriate motions for summary judgment. Ultimately, a stipulation of facts was presented to the court; the motion to dismiss and motion for summary judgment of the petitioner, and the motion for summary judgment of the respondent, Charles John Funk, were submitted.

The Court entered an order revoking the appointment of Arthur Funk, directing him to turn over the assets of the estate to his successor, and ordering him to render an accounting as to $25,000 cash, certain U. S. Government bonds, and the status of Funk Jewelry Store.

The trial court in the order, among other things, made the following finding:

"The court further finds that the items complained of herein by petitioner (Charles John Funk) have never been presented to the Court, (other than the listing of Funk Jewelry Store) in an accounting or otherwise, therefore there could not have been an adjudication thereon.

The records, affidavits and depositions show that government bonds belonging

to the deceased were withheld by the Executor. Cash taken by the Executor several days prior to death of deceased was withheld from the estate and used personally. That no accounting has been made to the Court re the Jewelry store partnership, the affairs of the Funk Jewelry Store partnership has not been ·concluded and an accounting rendered to the Executor and in turn by the Executor to the Court as prescribed by the Arizona Statutes and it does not appear that the Executor has taken any action in connection thereto."

It is for relief from this order that the petitioner seeks Certiorari.

The petitioner contends that the trial court's order is in excess of its jurisdiction because:

1. It had the legal effect of opening the petitioner's first and second accounts;

2. The settlement and approval of the accounts settled the issue as to what estate assets were chargeable against the executor;

3. An attack on the settlement of an account must be made within the time limits specified in Rule 60(c), Rules of Civil Procedure.

The issues herein are further complicated by the fact that there is evidence that the respondent, Charles John Funk has long known of the alleged embezzlement, and has precipitated other litigation and negotiation outside the probate action. Another heir, Blanch Loretta Bloomgarden, who has also filed a petition for removal of the Executor, and for other relief in the Probate action below, has filed a response to the Petition for Writ of Certiorari. Action on her petition has been stayed pending determination of this court's position on the Writ of Certiorari.

■ Having granted the Petition for Writ of Certiorari we must now examine the trial court's jurisdiction to enter the order to which petitioner objects. There is no doubt that it is appropriate for this court to review the subject order in this proceeding. Estate of Hayward, 63 Ariz. 1, 159 P.2d 307 (1945).

It might be well to comment at this stage on the fact that we are limiting our consideration in this matter to the narrow issues presented in the petition.

As to petitioner's first point, we find that our Court has had occasion to interpret what is now A.R.S. § 14–667. In Estate of Sullivan, 51 Ariz. 483, 490, 78 P.2d 132, 135 (1938), we said:

"The language of the statute is explicit. An order settling an account of an executor or administrator has the same force and effect as a judgment and is subject to attack only in the same manner. Dockery v. Central Arizona L. & P. Co., 45 Ariz. 434, 45 P.2d 656."

Many courts have held that non-disclosure of self dealing by a fiduciary is a proper reason for reopening a fiduciary's account which has previously been allowed by a Probate court. Massachusetts Bonding and Insurance Co., v. Keefe, 100 N.H. 361, 127 A.2d 266 (1956); see also 1 A.L. R.2d 1060 for an annotation on the conclusiveness of accounts.

Our situation here differs, however, because the respondent, in the trial court, was not taking issue with the items in the accounts, but was questioning the failure to include certain items in said accounts. The Supreme Court of California in Riley v. Superior Court, 49 Cal.2d 305, 311, 316 P.2d 956, 959 (1957) said:

"As the court held in Re Estate of Evans, 62 Cal.App.2d 249, 257, 144 P.2d 625, 629, 'with reference to matters not previously reported, the probate court had the power to surcharge a trustee on a supplemental account made after a decree settling a final account.' In re Estate of Blake, 157 Cal. 448, 108 P. 287. In Re Estate of Hovland, 38 Cal.App.2d 439, 446, 101 P.2d 500, 503, the court said: 'It requires no citation of authority for the statement that orders settling accounts or ordering distribution can only be conclusive as to such items or issues as are included in the account or

raised in connection with the petition for partial distribution. The doctrine of res judicata therefore has no application here.'"

Our own Court in Estate of Sullivan, supra, 51 Ariz. at 501, 78 P.2d at 139 said:

"We are of the opinion that a petition which alleges that the executors have falsely and fraudulently concealed from the knowledge of the court various facts which were proper and, indeed, necessary for it to know in passing on many items of the accounts rendered, and that other items were either approved or paid by them which were unauthorized by law, does state sufficient grounds to justify the court, if the allegations are true, in exercising its discretion by removing such executors."

The Court further said at 495, 78 P.2d at 137:

"If, however, the party who speaks falsely or refuses to speak truly occupies a fiduciary relation towards the injured party so that it is his duty to state all of the facts, and if further he personally profits by his own fraudulent conduct, such conduct will justify a court of equity in intervening even in a collateral proceeding, whether the fraud be considered extrinsic or intrinsic. Latham v. McClenny, 36 Ariz. 337, 285 P. 684."

The petitioner has contended that by reason of A.R.S. § 14–1201, and the authority of Estate of Hayward, supra, Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., comes into play in this matter. He further contends that under this rule the time has long passed for a motion to vacate or set aside the accounts. In view of our position that the trial court's order is not a vacation of the previous accounts, these contentions have no effect.

In his answer to petition for Writ of Certiorari the respondent has admitted that at the time the first account was settled he had knowledge of the fact that certain cash and bonds were not included in the account. This occurred in January of 1946, and obviously he was also aware of

this fact when the second account was settled in December of 1955. In Morgan v. Asher, 49 Cal.App. 172, 193 P. 288 (1920) the California Supreme Court in a per curiam opinion denying hearing indicated that if a party who is attacking a settled account for failure to include certain assets, knew of the incompleteness at the time the account was settled and approved, he is foreclosed from bringing his action.

We adopt the position of the California court and hold that the respondent here is foreclosed from bringing his action in the probate court, and the trial court had no jurisdiction to enter the order complained of.

We wish to make it clear that we are not ruling on the status of Blanch Loretta Bloomgarden and her petition in the court below.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.