501 P.2d 28

In the Matter of the ESTATE of Benjamin A. FUNK, Deceased.

Blanche Loretta BLOOMGARDEN, Appellant,

v.

Arthur L. FUNK, as Executor of the Estate of Benjamin A. Funk, Deceased, Appellee.

No. 1 CA–CIV 1571.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 21, 1972.

Rehearing Denied Nov. 2, 1972.

Review Denied Dec. 5, 1972.

Cavness, DeRose, Senner & Rood, by George F. Senner, Jr., Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Wilbert G. Anderson, Phoenix, for appellee.

CASE, Judge.

This appeal is from an order in a probate proceeding in the Superior Court of Maricopa County dismissing the appellant's petition for removal of the executor and denying her objections to a third and final accounting.

The appellee, Arthur Funk, is the executor of the estate of Benjamin A. Funk, de-

ceased. The first account and report was settled and approved on 27 December 1946 and the second account and report on 2 December 1955.

Appellant alleges that appellee was guilty of a breach of his fiduciary duties in that he is alleged to have misappropriated funds, that he conspired with others in the use of estate assets from which he derived substantial financial benefits for himself and others, that he failed to account for all the assets of the estate during administration and that he failed to file accounts and reports.

As part of a petition of another heir, Charles John Funk, appellant signed a sworn statement containing a lengthy exposition of the relationship among the appellant, appellee and other members of her family and this exhibit constitutes the only evidence before this Court regarding any knowledge or lack of knowledge that appellant has as to the estate, its assets, and the manner of the estate's administration by the appellee.

Appellant filed her verified petition on 20 September 1968 entitled "Objection to Third and Final Account, and Petition for Removal of Executor, that Executor be Surcharged and for an Accounting and Joinder in Objections, Demands and Motions of Charles John Funk". Appellee filed a motion to dismiss these objections on 25 September 1968. The motion was granted and a formal written order entered. Appellant appeals from this order.

■ The sole question before this Court is whether, under the holding in Funk v. Superior Court in and for Maricopa County, 104 Ariz. 370, 453 P.2d 516 (1969), there are any facts which appear in the record which preclude appellant from asserting her objections to the acts of the executor.

The Arizona Supreme Court in Funk v. Superior Court, supra, dealt with this same estate and denied relief, similar to that sought by the appellant, to Charles John Funk on the basis of his knowledge of estate irregularities at the time the first and second accounts were filed and settled. The Court in denying relief expressly adopted the holding of the California Court in Morgan v. Asher, 49 Cal.App. 172, 193 P. 288 (1920), and stated:

" . . . the California Supreme Court in a per curiam opinion denying hearing indicated that if a party who is attacking a settled account for failure to include certain assets, knew of the incompleteness at the time the account was settled and approved, he is foreclosed from bringing his action.

"We adopt the position of the California court and hold that the respondent here is foreclosed from bringing this action in the probate court, and the trial court had no jurisdiction to enter the order complained of." 453 P.2d at 519.

The rule as set out in Asher is as follows:

"Applying those principles, the complaint in the present case is defective in a particular not noticed apparently by the counsel. It does not allege that the plaintiffs at the time of the settlement of the defendant's account were unaware of the existence as a part of the testator's estate of the property with which they now seek to charge the defendant. The defendant's application for the settlement of her account directly put in issue, as between herself and the beneficiaries for whom she was acting, among whom were the plaintiffs, the question as to what property was properly chargeable against her, and the question was concluded by the settlement of the accounts so far as the plaintiffs had information upon which they could make the issue." 193 P. at 293.

In applying the Asher rule in the case at bar, we are required to make a determination as to whether appellant knew of the alleged irregularities in the handling of the estate at the time of the first and second account so as to be precluded from maintaining this action.

The appellant contends that a proper interpretation of Funk and Asher requires

 

that she have "actual" knowledge of the alleged irregularities at the time of the first and second accountings and that there is nothing in the record indicating that she did have actual knowledge or that her knowledge was of the same import which precluded relief in Funk, supra. We disagree.

A careful review of the record indicates that appellant was well aware of certain assets not included in the estate at the time of Benjamin A. Funk's death. The numerous discussions between family members over a period of 20 years reveal her concern over assets which she hoped to share in. In our opinion, the appellant was possessed of the knowledge of the incompleteness of the estate at the time of the accounting set forth in Funk and Asher and is therefore foreclosed from bringing the instant challenge.

■ Although it is conceded that appellant was not in Arizona at the time of the third accounting and did not receive personal notice of the other accountings, we are unable to find any statutory provision which would indicate personal notice was required. A.R.S. § 14–664 sets forth the notice requirements as follows:

"§ 14–664. *Settlement of account; notice of settlement; distribution and partition*

A. When an account is rendered for settlement, the clerk of the court shall appoint a day for settlement thereof, and thereupon give notice by causing notices to be posted in at least three public places in the county, setting forth the name of the estate, the executor or administrator, and the day appointed for settlement of the account. If upon the final hearing at the time of settlement the court, or a judge thereof, deems the notice insufficient for any cause, he may order further notice to be given.

B. If the account is for final settlement and a petition for final distribution of the estate is filed with the account, the clerk of the court shall appoint a day for settlement, and thereupon give notice stating that the account is for final settlement and that a petition for final distribution was filed. The notice shall be given by posting or publication. If upon the final hearing at the time of settlement the court, or a judge thereof, deems the notice insufficient for any cause, he may order that further notice be given.

C. On settlement of the account, distribution and partition of the estate to all entitled thereto may be immediately had without further notice or proceedings."

■ Appellant readily admits that the notice given by appellee conformed to the requirements of A.R.S. § 14–664. It is well settled that ". . . if proper notice is given of a proceeding such as an accounting, it constitutes notice not only of the hearing on the petition and accounting, but of all issues and questions that might arise from objections thereto, both at the noticed time of hearing and at any properly continued hearing." In re Estate of Wiswall, 11 Ariz.App. 314, 322, 464 P.2d 634 (1970).

The order of the trial court is hereby affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.