783 P.2d 246

**Norman Kay BRYCE,**
**Plaintiff/Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSUR-ANCE COMPANY, a foreign corpora-tion; St. Paul Companies, Inc., a for-eign corporation, Defendants/Appel-lees.**

**No. 2 CA–CV 89–0038.**

Court of Appeals of Arizona, Division 2, Department A.

June 13, 1989.

Review Denied Dec. 12, 1989.

Shannon & Cronin by John A. Shannon, Jr., Phoenix, for plaintiff/appellant.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Larry L. Smith and William J. Downey, Phoenix, for defendants/appellees.

OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's granting of summary judgment for defendant in an insurance case.

Appellees issued an insurance policy to appellant which, among other things, provided coverage for loss from fire to appellant's residence and personal property. The premium for the policy was paid in full by a premium finance company. Appellant made a downpayment to the finance company and was obligated to pay monthly installments. Under the terms of the premium financing agreement, the company had the authority to cancel the policy for nonpayment of the monthly installments.

The policy term was from April 6, 1983 through April 6, 1984. In December 1983, the policy was cancelled for nonpayment. Appellant suffered a fire loss on March 8, 1984. He was notified on June 11, 1984, that his claim was denied because the policy was not in effect at the time of the loss. Appellant filed suit against appellees and others who are not parties to this appeal on March 7, 1986. The insurance policy required all suits against the insurer to be filed within one year from the date of the loss.

Appellees' motion for summary judgment was granted on the ground that the suit was barred by the one-year limitation period contained in the policy.

Its separate motion for summary judgment on the grounds that it had complied with the statutory requirements, A.R.S. § 20–2007, necessary to effect cancellation of the policy, was denied.

On appeal, appellant challenges the trial court's determination that this action was barred by the statute of limitations. In the nature of a cross-issue, appellee argues that the trial court erred in ruling that it had not met the statutory requirements for cancelling the policy. Because of our resolution of the cross-issue in appellee's favor, we need not address appellant's argument regarding the statute of limitations.

■ No appeal is authorized from the denial of a motion for summary judgment. *Fleitz v. Van Westrienen,* 114 Ariz. 246, 560 P.2d 430 (App.1977). The prevailing party, however, can seek to uphold a judgment in its favor for reasons supported in the record, but different from those relied on by the trial court, by designating "cross-issues" in its "Issues Presented." *Kalil Bottling Co. v. Burroughs Corp.,* 127 Ariz. 278, 619 P.2d 1055 (App.1980). Although not designated as a "cross-issue" in appellee's brief, in the interest of judicial economy we believe it appropriate to determine if the question can be resolved. *Roosevelt Sav. Bank of City of New York v. State Farm Fire & Casualty Co.,* 27 Ariz.App. 522, 556 P.2d 823 (1976).

■ A.R.S. § 20–2007 sets forth the statutory requirements for cancellation of an insurance policy financed through a premium finance company. Appellant argues that the trial court correctly ruled that the statutory requirements were not satisfied because appellee never notified the mortgagee that the policy was being cancelled as required by A.R.S. § 20–2007(D). There is no question that appellant was notified by the premium finance company. The statute does not require the insurer to give notice to its insured. Indeed, the statute expressly states that after receiving notice of cancellation from the premium finance company, the insurer shall cancel the policy "as if the notice of cancellation had been submitted by the insured himself but without requiring the return of the insurance contract." A.R.S. § 20–2007(C).

The question to be answered then is whether failure to properly cancel the policy as to the mortgagee operates to negate a proper cancellation as to the insured. We believe it does not. Failure to give proper notice to a mortgagee is a defense to cancellation of a policy available to that mortgagee. However, that defense is not available to the insured. *Szymczak v. Midwest Premium Finance Co.,* 19 Ohio App.3d 173, 483 N.E.2d 851 (1984). The agreement between the insurance company and the mortgagee is separate and divisable from that with the mortgagor. 5A J.A. Appleman and J. Appleman, Insurance Law and Practice § 3401 at 289 (1970). See 17 G.J. Couch, Cyclopedia of Insurance Law § 67:95 (2d rev. ed. 1983).

Appellee's failure to give timely notice of the cancellation to the mortgagee had no effect on the proper notice of cancellation given appellant by the premium finance company. Accordingly, there was no coverage at the time of the loss as appellant's policy interest was properly cancelled.

Appellee has requested and is granted attorney's fees upon the filing of the required affidavit. Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

Affirmed.

LIVERMORE, P.J., and HOWARD, J., concur.