875 P.2d 144

**Edward A. TOVREA, Jr., Georgia Loy Tovrea, and Priscilla Tovrea Holdcraft, Plaintiffs/Appellants/Cross–Appellees,**

v.

**Deborah Ann NOLAN and Sandra G. Elder, co-personal representatives of the estate of Jeanne Gunter Tovrea, deceased; Glenn Kearney and Jane Doe Kearney, husband and wife, Defendants/Appellees/Cross–Appellants.**

**Nos. 2 CA–CV 93–0062, 2 CA–CV 93–0063.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 23, 1993.

Reconsideration Denied Nov. 10, 1993.

Review Denied June 21, 1994.

Thayer & Thayer, P.C. by Ted J. Thayer and Teresa S. Thayer, Phoenix, for plaintiffs/appellants/cross-appellees.

Jennings, Strouss & Salmon by Glenn J. Carter and John J. Egbert, Phoenix, for defendants/appellees/cross-appellants.

### OPINION

ESPINOSA, Presiding Judge.

This appeal involves the administration of the last will and testament of Edward Tovrea, Sr. and a residuary trust created by that will. Appellants, Tovrea's three children, seek reversal of the trial court's orders granting summary judgment against them, denying their motion to amend their complaint, and denying their motion for relief from the judgment based on newly discovered evidence. Appellees, the co-personal representatives of Tovrea's widow's estate and Glenn Kearney, a co-personal representative of Tovrea's estate, submit cross issues in support of the trial court's grant of summary judgment. We affirm.

1. Jeanne died on April 1, 1988.

### Background

After Tovrea's death on July 11, 1983, his widow, Jeanne Tovrea, and Kearney served as co-personal representatives of his estate and were named co-trustees of a residuary trust created by the will. The will named Jeanne as the life beneficiary of the trust's income and Tovrea's children as the remainder beneficiaries. It also provided for individual trusts for each appellant and named Kearney as trustee for these trusts. The residuary trust was funded June 30, 1985. Kearney filed a renunciation of his appointment as co-trustee of the residuary trust on September 18, 1985, but continued to serve as trustee of the individual trusts and co-personal representative of the estate.[1] Kearney and Jeanne, as co-personal representatives of Tovrea's estate, filed a "Closing Statement" with the Maricopa County Superior Court on December 18, 1985, and rendered an accounting of the estate's administration to themselves in their individual capacities and as co-trustees of the residuary trust. Shortly after receiving copies of the closing statement in January 1986, appellants requested further information about their father's estate, including the accounting. The estate's attorney told them that they had been provided with all the information to which they were entitled.

Appellants took no further action until August 1988, when they filed suit against Jeanne's estate[1] and Kearney, alleging that Jeanne and Kearney breached their fiduciary duties as co-personal representatives of Tovrea's estate by 1) failing to allocate receipts and disbursements between the estate's income and principal in accordance with generally accepted accounting principles, 2) removing assets from the estate, 3) failing to invest estate assets prudently, and 4) failing to adequately disclose estate matters to appellants. Appellants further alleged that Jeanne and Kearney committed these and other breaches in their capacity as co-trustees of the residuary trust, and Jeanne in her capacity as sole trustee of the residuary trust. Appellants filed their first amended complaint in January 1989, and appellees began discovery in April. Appellants did not begin discovery

until almost one year later, several months after appellees had filed their motion for summary judgment. The trial court granted summary judgment in favor of Jeanne and Kearney and dismissed the complaint.

Appellants' motion to vacate or amend the judgment pursuant to Ariz.R.Civ.P. 59(a)(8), 16 A.R.S., was denied by the trial court in November 1990, as was their alternative motion to amend the complaint. Nearly one year after judgment, they moved for relief from judgment pursuant to Ariz.R.Civ.P. 60(c), 16 A.R.S., based on a claim of newly discovered evidence found in connection with another suit. The trial court denied the motion. Appellants filed timely notices of appeal from denial of both motions which were consolidated for purposes of this appeal.

## Summary Judgment

■ In reviewing a summary judgment, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the party opposing the motion. *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 799 P.2d 810 (1990). Summary judgment is proper when the evidence presented by the opposing party has so little probative value that reasonable jurors could not agree with the opposing party's conclusions. *Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990).

On April 5, 1990, the trial court granted appellees' motion for summary judgment, finding that since appellants' complaint alleged breach of fiduciary duties, but not "fraud, misrepresentation, or fraudulent failure to adequately disclose," their claims were barred by A.R.S. § 14–3935 for not being asserted within six months after the filing of the closing statement. A.R.S. § 14–3935 states:

Unless previously barred by adjudication and except as provided in the closing statement, the rights of successors and of creditors whose claims against the person-

al representative for breach of fiduciary duty have not otherwise been barred are barred unless a proceeding to assert the same is commenced within six months after the filing of the closing statement. The rights thus barred do not include rights to recover from a personal representative for fraud, misrepresentation or inadequate disclosure related to the settlement of the decedent's estate.

Appellants contend that their claims against Jeanne and Kearney as personal representatives were within the exceptions for fraud and inadequate disclosure because they had a right to receive a written accounting of Tovrea's estate and that, as a result of appellees' failure to provide them with the accounting, they were unable to pursue their claims. Appellants rely on *Ivancovich v. Meier*, 122 Ariz. 346, 595 P.2d 24 (1979) and *In re Estate of Olivas*, 132 Ariz. 61, 643 P.2d 1031 (App.1982); however, those cases tend to cut against appellants rather than support their cause. In *Ivancovich*, our supreme court stated:

Arizona has held that extrinsic fraud may consist of deception practiced by a successful party in purposely keeping his opponent in ignorance of the proceedings so that an appearance may not be made in court.

122 Ariz. at 348, 595 P.2d at 26. Both *Ivancovich* and *Olivas* involved express findings of fraudulent acts by executors or administrators, including forged signatures, false appraisals and intentionally misleading accounts, in order to deceive those with interests in the respective estates and the court.

■ In this case, appellants were advised and knew that the final accounting existed when they received the closing statement in January 1986. There is no evidence of concealment or deception by Jeanne or Kearney. When appellants' subsequent request for a copy of the accounting was denied, a breach of fiduciary duty may have occurred,[2] subject

2. A.R.S. § 14–3931(A) requires that a copy of the final accounting "be sent to distributees whose interests are affected thereby." *See also* A.R.S. § 14–3933(A)(3). Appellees contend that because Tovrea's will did not directly devise any assets to appellants and because they had already

received "all to which they were entitled," by way of their individual trust distributions, appellants were neither "distributees" nor were their "interests affected" by the final accounting. We assume without deciding that appellants, as re-

to the six-month statute of limitations. Appellants were deprived of their opportunity to present their claims, not by appellees' nondisclosure, but by their own inaction in failing to pursue the matter in a timely fashion. *Cf. In re Estate of Funk*, 18 Ariz.App. 187, 501 P.2d 28 (1972) (petitioner with knowledge of incompleteness of estate who failed to object to first and second accountings, foreclosed from objecting to final accounting).

We agree with appellees that the phrase "inadequate disclosure" cannot be singled out and separated from its accompanying context of "fraud" and "misrepresentation." Statutory language must be interpreted "in the light of the words with which it is associated." *Olvey v. Calizona Land & Cattle Co.*, 76 Ariz. 368, 371, 265 P.2d 432, 434 (1954). *See also State v. Cereceres*, 166 Ariz. 14, 800 P.2d 1 (App.1990) (particular words in a statute must be interpreted in conjunction with entire text). We do not believe the legislature intended to exempt from the six-month limitation period the mere failure or refusal to provide the accounting required under § 14–3931, absent some form of fraud or purposeful misrepresentation, which appellants failed to demonstrate. The trial court correctly ruled that appellants' claims against Kearney and Jeanne as co-personal representatives were barred.

▇▇ We agree with appellants, however, that § 14–3935 is expressly limited in its application to claims against personal representatives and that the court misapplied it to appellants' claims against Jeanne and Kearney as co-trustees. That conclusion does not necessarily require reversal of the summary judgment. A prevailing party may seek to uphold summary judgment for reasons supported by the record, even if those reasons are different from those relied on by the trial court, by designating cross issues, as appellees have done here. *Bryce v. St. Paul Fire and Marine Insurance Co.*, 162 Ariz. 307, 783 P.2d 246 (App.1989). We must therefore examine the claims relating to the administration of the residuary trust.

▇ Appellees first contend that Kearney was entitled to summary judgment for the claims against him as a co-trustee for the periods of time he did not serve as a trustee prior to the funding of the trust and after he renounced his position as co-trustee. Neither Kearney nor Jeanne could assume their duties as co-trustees until the residuary trust was funded on June 30, 1985; therefore, neither can be held liable for breach of fiduciary duty as co-trustees prior to that date. *See In re Warren's Estate*, 74 Ariz. 319, 248 P.2d 873, *modified on other grounds*, 74 Ariz. 385, 249 P.2d 948 (1952) (trust duties of testamentary trustee, who is also executor under the will, cannot commence until distribution of trust estate); *see also In re Howard's Estate*, 108 Utah 294, 159 P.2d 586 (1945) (when will names same person as executor and trustee, trustee duties do not begin until that person has ceased to have control of the property in his capacity as executor). Appellants do not contest the effect of Kearney's September 18, 1985, renunciation as the ending date of his potential liability. Therefore Kearney was entitled to summary judgment for any claims arising against him before or after he served as trustee.

Appellees next argue that they are entitled to summary judgment on all claims because appellants either premised their theories of breach of fiduciary duty on erroneous legal principles or failed to present evidence which established any breach. The record supports their position. Appellants' first claim below, that the co-trustees failed to investigate why certain assets listed in a financial statement prepared about six months' prior to Tovrea's death were "missing" from the estate's tax return, is groundless and contradicted by the evidence. The allegedly omitted assets, three country club memberships and a partnership interest in the T & C Cattle Company, are expressly accounted for in the tax return. There was no breach of duty by the trustees on this basis.

Second, appellants contended below that appellees' allocation of assets violated the Uniform Income and Principal Act (UIPA) in that certain receipts which should have ac-

---

mainder beneficiaries of a testamentary trust,

had an interest affected by the final accounting.

490

crued to the principal were distributed as income. Appellees urge that the UIPA does not apply here because Tovrea's trust gave the trustees discretion in apportioning receipts and disbursements. Appellants pointed out that the trustee's discretion was expressly qualified by the accompanying language "in accord with generally accepted accounting principles," and asserted that the latter phrase is synonymous with the UIPA, citing a conclusory affidavit from a certified public accountant to that effect.

A testator may bypass the provisions of the UIPA by granting the trustee discretion in apportioning receipts and expenses. *See* A.R.S. § 14–7402(B). Allocations between income and principal are proper if made "in accordance with the terms of the trust instrument notwithstanding contrary provisions of this article." § 14–7402(A)(1). Tovrea's will provided, "The Trustee may apportion receipts and disbursements of the trust between principal and income in such reasonable manner as the Trustee may deem advisable but in accord with generally accepted accounting principles." This provision clearly evinces Tovrea's intent to grant certain discretion to the trustees, thereby bypassing the strictures of the act. *See In re Estate of Gardiner*, 5 Ariz.App. 239, 425 P.2d 427 (1967). Moreover, appellants point to nothing whatsoever in the record to support their claim that the UIPA was breached, much less any failure on the part of the trustees to follow generally accepted accounting principles.

Appellants' claim that appellees had a duty to make growth investments to protect the principal against inflation, based on the trustees' duty to treat the income and remainder beneficiaries impartially, contravenes both the terms of Tovrea's will and the law. Tovrea's will provided that the net income of the trust was to be paid to, or for the benefit of, Jeanne, and also authorized the trustees to invade and apply the principal for Jeanne's benefit "at such times and in such amounts as they shall determine, in their sole and absolute discretion, that she may benefit from additional funds to maintain her health, education and general welfare." Clearly, Tovrea intended that the

trust provide for Jeanne, even at the expense of principal. Furthermore, because this trust was to provide her a lifetime income, the trustees could not sacrifice income in order to increase the value of the principal. *In re Frances M. Johnson Trust*, 211 Neb. 750, 320 N.W.2d 466 (1982); Restatement (Second) of Trusts § 232, comment b (1956). The trustees' duty was to invest in such a manner as to produce an income for Jeanne and, secondarily, preserve the principal. *See id.*; Scott on Trusts § 232 (4th ed. 1988). Appellees were entitled to summary judgment as a matter of law.

## Motion to Amend Complaint

Following entry of judgment in favor of appellees, appellants moved to vacate or amend the judgment pursuant to Ariz. R.Civ.P. 59(a)(8), 16 A.R.S., or alternatively, to amend their complaint to add "fraudulent" to their allegation of failure to adequately disclose. The trial court denied the motion. Appellants argue that § 14–3935 does not require an allegation of "fraudulent" failure to disclose in order to toll the statute of limitations and, if it does, that they should have been allowed to amend their complaint.

Although leave to amend will be liberally allowed, it is discretionary with the trial court. *Walls v. Arizona Department of Public Safety*, 170 Ariz. 591, 826 P.2d 1217 (App.1991). As discussed above, the trial court properly granted summary judgment on the grounds that the statute of limitations had expired on appellants' claims against appellees in their capacity as co-personal representatives, and there was no evidence of extrinsic fraud to toll the statute. Accordingly, an amendment adding such a claim would have been futile. The trial court did not abuse its discretion in denying appellee's motion. *Id.*

## Motion for Relief from Judgment

Finally, appellants argue that the trial court erred in denying their motion for relief from the judgment based on newly discovered evidence and fraud, pursuant to Ariz.R.Civ.P. 60(c)(2) and (c)(3), 16 A.R.S. We will not disturb the trial court's decision

on a motion to set aside a judgment absent an abuse of discretion. *Bickerstaff v. Denny's Restaurant, Inc.*, 141 Ariz. 629, 688 P.2d 637 (1984).

 Appellants allege, both here and below, that letters written by Tovrea's estate's attorney to Jeanne and to the certified public accountant for the personal representatives, discovered in connection with another action, constituted newly discovered evidence which "prove[s] conclusively that there was a joint, knowing, intentional decision by JEANNE and KEARNEY, to fraudulently deny a final accounting of their father's estate to [appellants]." The letters are, however, merely additional evidence of Jeanne's decision not to provide the accounting to appellants [3], supporting the same unsuccessful argument presented to the trial court in response to appellees' summary judgment motion, and in appellants' motion to vacate judgment or amend the complaint. Rule 60(c) does not provide relief from judgment where a party merely asks the court to reconsider a previous legal ruling. *De Gryse v. De Gryse*, 135 Ariz. 335, 661 P.2d 185 (1983). Moreover, the basis for appellant's Rule 60(c) motion was not "newly discovered" where appellants did not exercise due diligence in conducting or attempting any discovery in a timely fashion. *See Boatman v. Samaritan Health Services, Inc.*, 168 Ariz. 207, 812 P.2d 1025 (App.1990). The trial court did not abuse its discretion.

### Attorneys' Fees

In their reply brief, appellants request attorneys' fees pursuant to A.R.S. § 12–341.01 based on "the contract between the trustor, EDWARD A. TOVREA, SR., and the trustees, JEANNE and KEARNEY." Appellants' request is denied because they are not prevailing parties for purposes of § 12–341.-

01. Furthermore, their complaint is based in tort, not contract. *See Hoffman v. Greenberg*, 159 Ariz. 377, 767 P.2d 725 (App.1988).

Affirmed.

DRUKE, C.J., and HATHAWAY, J., concur.

---

**3.** The letters indicate that Jeanne was advised that her dual role as personal representative and residuary trustee could result in future challenges by the remainder beneficiaries, and that the closing statement required an accounting to all interested persons. Appellants seize on certain statements as indicative of fraud; however, none of the letters was authored by Jeanne or Kearney. The only correspondence with any bearing on Jeanne's state of mind and intent is a

subsequent letter from Jeanne's attorney to her accountant which states:

Mrs. Tovrea decided not to account to Mr. Tovrea's children with respect to the residue of the estate after establishment of their [individual] trusts. It is her view that if a question ever arises, your records will be available to provide any accounting which might be necessary.