**WESTERN EXPRESS, INC.,**
**Plaintiff/Appellant,**

v.

**INTERESTED UNDERWRITERS**
**AT LLOYD'S, LONDON,**
**Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 27, 1996.

Publish Pursuant to Court
of Appeals Rule 11.

---

**6.** Appellants argue that these damages relate to Ashley Luna's loss of the parent-child relationship.

 

Isham B. Bradley, Brentwood, for Plaintiff/Appellant.

Lex A. Coleman, Richard R. Ruth, Ruth, McCarthy & Coleman, P.C., Chattanooga, for Defendant/Appellee.

## *OPINION*

CANTRELL, Judge.

This appeal raises the question of whether Tenn.Code Ann. § 56–37–110(d) requires an insurer of personal property to notify lienholders that the coverage has been cancelled before the cancellation is effective as to the property owner. We affirm the chancellor's decision resolving the question against the property owner.

### I.

Western Express is in the trucking business. On August 28, 1993 Western obtained insurance coverage on its tractor-trailers through Interested Underwriters at Lloyd's London. The policy contained the names of a bank and an individual as additional loss payees.

Western financed the insurance premiums through Transamerican Insurance Finance Corporation (TIFCO). Their arrangement provided that TIFCO would pay the entire yearly premium to Lloyd's and Western would make monthly payments to TIFCO on the amount financed. Western appointed TIFCO as its attorney-in-fact with the power to cancel the insurance policy if Western defaulted on its monthly payments.

Western's payments were consistently late. On March 8, 1994, when it had not received the payment due on February 28, 1994, TIFCO notified Western that it would cancel the insurance if the payment was not received by March 20. On March 28 TIFCO sent a notice of cancellation to Lloyd's with a copy to Western and the insurance agent. The effective date on the notice was March 29, 1994 at 12:01 P.M. Several hours later one of Western's trucks was damaged in an accident. No notice was given to the lienholders noted in the policy.

**544**

## II.

Western asserts that a statute, Tenn.Code Ann. § 56–37–110(d) requires notice to the lienholders before the cancellation is effective. That statute provides:

> All statutory, regulatory and contractual restrictions providing that the insurance contract may not be cancelled unless notice is given to a governmental agency, mortgagee or other third party shall apply for cancellations effected under the provisions of this section. The insurer shall give the prescribed notice on behalf of itself or the insured to any governmental agency, mortgagee or other third party on or before the second business day after the day it receives the notice of cancellation, taking into consideration the number of days' notice required to complete the cancellation.

The chancellor concluded that the statute might provide a defense to cancellation for the lienholders, but that the failure to notify the lienholders did not provide a defense to the insured. We are persuaded that the chancellor was correct.

First, the quoted statute does not independently obligate the premium finance company or the insurer to give notice to lienholders. It simply provides that other *statutes, regulations* or *contracts* that *do* impose such requirements should be complied with. There is no reference in this record to any statutes, regulations, or contracts that impose such requirements.

Second, and most importantly, we construe the statute to require notice to lienholders for their protection and not for the protection of the insured. For a consistent interpretation of similar statutes, see *Szymczak v. Midwest Premium Finance Company*, 19 Ohio App.3d 173, 483 N.E.2d 851 (1984) and *Bryce v. St. Paul Fire and Marine Insurance Company*, 162 Ariz. 307, 783 P.2d 246 (1989).

## III.

After the court entered its judgment below, Roland M. Lowell filed a motion to be added as a party. In support of his motion he filed his affidavit alleging that he was the lienholder on the vehicle at the time the claim arose. He is not, however, the individual lienholder listed in the policy. The chancellor overruled the motion and Western asserts on appeal that the motion should have been granted.

We think the chancellor's ruling was correct. Since he was not listed in the policy and he does not allege that Lloyd's had any notice of his interest, Mr. Lowell was not entitled to notice of the cancellation. He does not allege any other basis on which he could make a claim in this case.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), LEWIS, J., concur.