OPINION AND ORDER

SYNOPSIS

[1] The Appellant, Jacob S. Fredericks, appeals the trial court’s denial of his motion for reconsideration.[1] For the reasons *395 set forth below, we reverse and remand for proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

[2] Fredericks alleged he inherited approximately 40 acres of land from his father, James Sequi Fredericks. Fredericks asserted that his father had received the land pursuant to a grant from the former Chief of the Village of Old Oraibi, Tawa-quaptewa, in the early part of the 20th Century. He further asserted that his father immediately built his home upon the land and immediately began farming and planting fruit trees on that land and completely enclosed the land with a fence. Fredericks further alleged that since his inheritance of the land in 1942, he has continuously maintained the fence and used the land for farming.
[3] The land in question is located on the west bank of the Oraibi Wash at what is now the intersection of Highway 264 and the Leupp Road. Prior to the creation of the Village of Kykotsmovi, this area was within the farming lands of Old Oraibi; today the land is within the territorial boundaries of the Village of Kykotsmovi.
[4] In December 1999, the Appellee, Village of Kykotsmovi, assigned the land to the Appellee, Kykotsmovi Enterprise Hoard, for the purpose of allowing the Board to build a store on the site. In March 2003, Fredericks brought an action in Hopi Tribal Court challenging the land assignment, but the parties subsequently agreed to dismiss the matter without prejudice to allow him to bring the dispute before the Tribal Council. On August 12, 2003, the Tribal Council declined to review the matter.
[5] Fredericks re-filed his complaint in the tribal court. On the basis of his alleged property interest, Fredericks initially sought an injunction preventing any construction on his land until the validity of the assignment could be determined, but then agreed to accept just “compensation pursuant to the Indian Civil Rights Act (25 tJ.S.C. § 1302) for the disruption and taking that cannot be avoided.”
[6] The Appellees moved to dismiss his claim on several grounds, including that the Hopi Constitution reserves jurisdiction over land assignments to the village where the land is located. Following oral argument on Defendants’ motion, and without conducting any fact-finding into the nature of Fredericks’ alleged interest in the land, the tribal court dismissed the case for lack of subject matter jurisdiction on September 25, 2003. The court held:
[T]he Complaint relates to the assignment of use of land characterized as farming land within the established holdings of the Village of Kykotsmovi; the Village has not waived its Constitutional authority to resolve the dispute; the Village is therefore the proper forum for resolution of this dispute.
See Order to Dismiss (Sept. 25, 2003). Fredericks did not appeal this decision.
[7] On September 30, 2003, Fredericks filed a timely motion to reconsider the trial court’s earlier dismissal for lack of subject matter jurisdiction. On November 5, 2003, the tribal court denied the motion, finding no basis for reconsidering the earlier dismissal because Fredericks foiled to provide “anything new in terms of law or legal authority.” Order (Nov. 5, 2003). On November 14, 2003, Fredericks filed a timely notice of appeal of the November 5, 2003 Order, which is now pending before this Court.

DISCUSSION

A. Jurisdiction
[8] This Court has jurisdiction to hear an appeal of a motion for relief from judg *396 ment made pursuant to Rule 30(b), H.I.R.C.C.P. The Hopi Rules have no express rule on motions for reconsideration, unlike Arizona Rule 7.1(e). See Ariz. R. Civ. Proc. 7.1(e).[2] As the earlier Order to Dismiss constitutes a final order leaving nothing further to be decided, we interpret his motion for reconsideration as a motion made pursuant to our Rule 30.
B. Only The Motion For Reconsideration, Not The Underlying Dismissal For Lack Of Jurisdiction, Is Properly Before This Court.
[9] It is important to recognize that we are not reviewing the tribal court’s decision of September decision 25, 2003. The law is clear that “an appeal from denial of [a motion for relief from judgment or order] does not bring up the underlying judgment for review.” Browder v. Director, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). See also Cel-A-Pak v. Cal Agric. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir.1982). We therefore focus our review on the trial court’s denial of Fredericks’ motion for reconsideration.
C. Standard of Review
[10] Because this Court has yet to address the proper standard of review for the denial of a “motion for reconsideration” under Rule 29 or 30, we look at federal and Arizona law as persuasive authority. Hopi Tribe Resolution H-12-76, § 2(a); Hopi Indian Credit Ass’n v. Thomas, 1 Am. Tribal Law 484 (1998).
|11] H.I.R.C.C.P. 29 and 30 track closely the language of Rules 59 (New Trials; Amendment of Judgment) and 60 (Relief From Judgment or Order), respectively, of the federal and Arizona Rules of Civil Procedure. The federal and Arizona courts review the denial of motions filed under these rules for abuse of discretion. See, e.g., Cashman v. City of Cotati, 374 F.3d 887, 895 (9th Cir.2004) (Fed. R. Civ.Proc.59); Casey v. Albertson’s, Inc., 362 F.3d 1254, 1257 (9th Cir.2004) (Fed. R. Civ.Proc.60); Tovrea, v. Nolan, 178 Ariz. 485, 875 P.2d 144, 149 (Ariz.Ct.App.1993) (Ariz. R. Civ.Proc.59); Phoenix v. Geyler, 144 Ariz. 323, 697 P.2d 1073, 1078 (Ariz.1985) (Ariz. R. Civ.Proc.60). Likewise, Arizona courts review rulings on motions for reconsideration—governed by Arizona Rule of Civil Procedure 7.1(e)—for a clear abuse of discretion. Ariz., Schwab v. Ames Constr., 207 Ariz. 56, 83 P.3d 56, 60 (2004). We find these decisions persuasive, and we, therefore, hold that a tribal court ruling on a motion under H.I.R.C.C.P. 29 and 30, whether or not styled as a “motion for reconsideration,” shall be reviewed for abuse of discretion,
[12] Our scope of review permits the tribal court considerable, but not unfettered, discretion. The tribal court may not “act arbitrarily or inequitably, nor ... make decisions unsupported by facts or sound legal policy.” Geyler, 697 P.2d at 1078-79. A court, by definition, abuses its discretion when it misapplies the law or applies the wrong legal standards or principles, Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 *397 (1995); Twin City Fire Ins. Co. v. Burke, 204 Ariz. 251, 63 P.3d 282, 285 (Ariz.2003). Therefore, a trial court’s misapplication of law is a basis for finding an abuse of discretion.
1). The Court Erred in Failing to Conduct a Factual Inquiry Before Determining There Was No Subject Matter Jurisdiction Over the Parties’ Dispute
 [13] Ordinarily, a motion for reconsideration unsupported by any new facts or a change in applicable law is properly denied out of hand because it provides nothing for the court to reconsider. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991) (“[T]he trial court did not abuse its discretion in denying the motion, because the Fullers presented no arguments which the court had not already considered and rejected.”); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1989) (‘Because Taylor presented no arguments in his motion for relief from judgment that had not already been raised in opposition to summary judgment, the trial court properly denied his motion.”). The ordinary rule, however, does not govern in this case because the trial court’s denial of the motion for reconsideration perpetuated the same error of law that infected the underlying Order to Dismiss.
[14] Article III, section 2 of the Hopi Constitution reserves to the individual villages the power “[t]o assign farming land, subject to the provisions of Article VII.” Article VII, section 1 provides in part:
Assignment of use of farming land within the traditional clan holdings of the villages of ... Kyakotsmovi, ... as in effect at the time of approval of this Constitution, shall be made by each tal-lage according to its established custom, or such rules as it may lay down under a village Constitution adopted according to the provisions of Article III, section 4.
[15] If this were the extent of Article VII’s language concerning the assignment of a village’s farming land, the tribal court’s Order to Dismiss for lack of jurisdiction and subsequent refusal to reconsider that Order would be clearly correct. However, Article VII creates an exception to the villages’ otherwise authority to assign farming land:
Nothing in this article shall permit depriving a member of the Tribe of farming land actually occupied and beneficially used by him at the time of approval of this Constitution, but where an individual is occupying or using land which belongs to another by agreement with the owner, that land shall continue to belong to that owner.
Hopi Constitution, Art. VII, § 2 (emphasis added).
[16] Plainly, the Hopi Trial Courts have jurisdiction over disputes involving a village that exceeds its Constitutional authority by “depriving a member of farming land actually occupied and beneficially used by him” at the time of the Constitution’s ratification—precisely what Fredericks alleges occurred in this case. Indeed, as the entity charged with the responsibility to protect the rights guaranteed to Hopi citizens under their Constitution, the Hopi Trial Courts have an unwavering obligation to exercise that jurisdiction. See Hopi Ordinance 1.71(a). The record before us indicates that the tribal court failed to conduct an eviden-tiary hearing or receive any discovery bearing on whether Article VIPs limiting language applies to the disputed land. Having failed to conduct such an inquiry before issuing its Order to Dismiss, the trial court was obligated to do so when asked to reconsider this Order. Absent such an inquiry, we see no factual basis *398 for the tribal court’s refusal to reconsider its Order dismissing the ease for lack of subject matter jurisdiction.
[17] This Court considered a similar issue on appeal in Youvella v. Dallas, Case No. 96-AP-000002 (Aug. 29, 1997). In Youvella, the Defendant—the Tribal Treasurer—filed a motion to dismiss for lack of subject matter jurisdiction based on his purported sovereign immunity from suit. Though the applicability of the immunity doctrine depended on whether the Treasurer had acted in his official capacity, the trial court granted the motion without conducting any fact-finding on the nature of the Treasurer’s conduct. After the trial court denied plaintiffs motion to alter judgment, plaintiff appealed. We reversed, holding that “[t]he trial court did err in finding facts absent any fact-finding process on the issue of [subject matter jurisdiction].” Id. We elaborated:
The trial court should have made specific factual determinations on the issue of the existence of sovereign immunity before legally concluding that there was no subject matter jurisdiction and dismissing the case. The trial courts simply heard oral arguments on the Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Id.

[18] Here, as in Youvella, “no findings of fact could have been made as no extrinsic evidence (affidavits, interrogatories, other documentary evidence, depositions, or testimony of witnesses) [are] present.” M If the assignment in this case involved “farming land actually occupied and beneficially used by [Fredericks’] at the time of approval of this Constitution,” Hopi Constitution, Art. VII, § 1, then Fredericks has presented a colorable claim under the Hopi Constitution. But as we said in Youvella, “[a]bsent a hearing on these types of issues, the trial court cannot determine whether” it laeks subject matter jurisdiction over the dispute.”
[19] By holding that the trial court erred in denying Fredericks’ motion for reconsideration, we do not imply in any way that the Village necessary erred in assigning the disputed land or that Fred-ericks’ constitutional rights have been violated. These are fact-intensive questions that we leave for the trial court to resolve. We hold only that the failure to conduct fact-finding aimed at answering these questions in the first instance constituted legal error which must be addressed on remand before the trial court, or this Court on review, can determine whether it has subject matter jurisdiction over this dispute.

ORDER OF THE COURT

[20] This case is hereby REMANDED to the trial court for fact-finding on the issue of whether the land at issue is protected from the Village’s assignment by Article VII, section 1 of the Hopi Constitution. Absent a hearing on this issue, the trial court cannot legally determine whether the land assignment was within the sole discretion of the Village, or whether the Hopi Tribal Courts can exercise jurisdiction over Fredericks’ complaint for redress. Throughout the fact-finding process, Fredericks—the party invoking jurisdiction—has the burden of pi-oof. See Youvella, Case No. 90-AP-000002 (Aug. 29, 1997).

. Fredericks moved the Court to reconsider its earlier order dismissing his complaint For lack of jurisdiction.

. Rule 7.1(e) provides:
A party seeking reconsideration of a ruling of the court may file a motion for reconsideration. All motions for reconsideration, however denominated, shall be submitted without oral argument and without response or reply, unless the court otherwise directs. No motion for reconsideration shall be granted, however, wuhout the court providing an opportunity for response. A motion authorized by this Rule may not be employed as a substitute for a motion pursuant to Rule 50(b), 52(b), 59 or 60 of these Rules, and shall not operate to extend the time within which a notice of appeal must be filed.