NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

URSULA M. JOHNSTON, *Petitioner/Appellant*,

*v.*

JOHN D. JOHNSTON, *Respondent/Appellee*.

No. 1 CA-CV 14-0451 FC
FILED 7-16-2015

Appeal from the Superior Court in Maricopa County
No. FN2013-090099
The Honorable Paul J. McMurdie, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Richard G. Neuheisel, P.L.L.C., Tempe
By Richard G. Neuheisel
*Counsel for Petitioner/Appellant*

The Murray Law Offices, P.C., Scottsdale
By Stanley David Murray
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Judge:

**¶1**         Ursula Johnston ("Wife") appeals the trial court's order denying her motion to set aside the parties' Decree of Dissolution of Marriage. Wife argued that John Johnston ("Husband") committed fraud when he failed to disclose certain financial information to her, thereby voiding the parties' Rule 69 agreement and the Decree of Dissolution that resulted. Because we find that there was sufficient evidence in the record to support the trial court's decision, we affirm the trial court's order but remand for recalculation of attorney's fees.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Husband and Wife engaged in mediation of their dissolution proceeding and settled all issues relating to the division of their assets in an agreement under ARFLP 69.

**¶3**         Shortly thereafter, under the terms of the Rule 69 agreement, Husband drafted a Decree of Dissolution of Marriage and Property Settlement Agreement. Wife refused to sign the proposed agreement  and Husband then requested that the court adopt the proposed agreement as its formal order. Wife objected, asserting that the division of property was unfair and inequitable. She argued that during the mediation, Husband presented a revised calculation of his business accounts to the mediator without her knowledge, and that she would not have entered the Rule 69 agreement had she seen the calculation.

**¶4**         Meanwhile, Wife also filed a motion to set aside the Rule 69 agreement under ARFLP 85(C)(1)(a) and (c), in which she asserted that Husband had incorrectly stated the amount of funds in his business bank account as $126,630 when the true balance of the account was $209,661.10. In the motion, Wife stated that she first noticed the discrepancy when she reviewed the account statement after the mediation concluded, and contended that the mediator acknowledged that he knew of the discrepancy but chose not to inform her during the mediation. Wife argued that her own failure to confirm the account balance during mediation constituted mistake or excusable neglect under ARFLP

85(C)(1)(a) and that the settlement agreement was not fair because she did not have full knowledge of the property involved.

**¶5** Husband moved to dismiss Wife's motion to set aside. He argued that Wife's failure to review the account statements that Husband had disclosed to her did not constitute mistake or excusable neglect within the meaning of ARFLP 85(C)(1)(a). Husband also argued that sound reason existed for the slightly uneven division of this asset because there was an unequal division of other assets in Wife's favor, most notably more than $30,000 in liquid assets to which Husband had waived any claim.

**¶6** The trial court signed Husband's proposed Decree of Dissolution of Marriage, which included the Property Settlement Agreement that resulted from the Rule 69 agreement, and invited Husband to apply for attorney's fees relating to the various post-decree motions.

**¶7** Wife then filed a motion to set aside the Dissolution Decree and the order inviting Husband to apply for attorney's fees and costs. Wife asserted that "[f]raud and concealment existed throughout this divorce proceeding," that Husband failed to disclose accurate financial information to Wife, that there was no valuation or determination for Husband's consulting company and a bank account connected to that company, and that Husband had used a fake birth certificate and driver's license to create an alias used in conducting business activity and had concealed this information from Wife.[1]

**¶8** Husband filed another motion to dismiss, arguing that Wife had ample opportunity to engage in formal discovery and failed to do so. Husband argued that even assuming Wife's allegations were true, she could not show fraud because she had all of Husband's financial information available to her.

**¶9** The trial court denied Wife's motion and awarded attorney's fees and costs to Husband.

## DISCUSSION

**¶10** "We will not disturb the trial court's decision on a motion to set aside a judgment absent an abuse of discretion." *Tovrea v. Nolan*, 178 Ariz. 485, 490-91

---

[1] Husband asserts that Wife was aware that these documents were for a fake ID Husband used when he was 19 years old to date an older woman and that the photo on the driver's license was clearly of Husband when he was 19.

(App. 1993).[2]  "The court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'"  *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014) (citation omitted).

**¶11**     Wife argues on appeal that the trial court abused its discretion when it denied her motion to set aside the decree, drafted pursuant to the Rule 69 agreement, because the agreement arose from Husband's fraud.  We disagree.

**¶12**     The parties voluntarily proceeded to private mediation, and reached a binding agreement.  Wife has not demonstrated that the Rule 69 agreement or the resulting decree was procured by fraud.  Indeed, she acknowledges that she received from Husband the information concerning the bank account, but contends that she received it late because Husband "mismailed" it.  She also acknowledges that Husband provided accurate information to the mediator.

**¶13**     The failure to conduct adequate discovery or to ensure that disclosure is complete before voluntary resolution of a case constitutes neither excusable neglect nor fraud by an adversary.

**¶14**     Overall, trial courts enjoy broad discretion when deciding whether to set aside a judgment for fraud or misrepresentation.  *Woodbridge Structured Funding, LLC v. Ariz. Lottery*, 235 Ariz. 25, 29, ¶ 21 (App. 2014).  Here, there was evidence in the record that Husband provided Wife with all required financial documents through informal disclosure and that Wife simply failed to review them.  There was also evidence that Husband could not have disclosed many of the documents Wife references in her motion to set aside because they were not in existence at the time the parties executed their Rule 69 agreement.  The trial court did not abuse its discretion when it denied Wife's motion to set aside the Decree of Dissolution.

---

[2]     Wife argues that "[i]f a trier of fact can find in favor of wife, husband's motion must fail."  Her reference to the standard governing motions to dismiss highlights the impropriety of such motions in this context.  But Husband has not effectively changed the standard of review on appeal by filing a motion to dismiss instead of a response to Wife's motion to set aside.  The trial court did not grant Husband's motions to dismiss -- it correctly denied Wife's motions.

**ATTORNEY'S FEES**

**¶15**        The trial court awarded attorney's fees in connection with the post-decree briefing of Wife's motions, concluding that she had taken unreasonable positions.  We vacate this award.

**¶16**        Husband was entitled to respond to Wife's motions.  But he chose instead to move to "dismiss" them.  We disapprove of this type of motion practice.  The tactic was calculated to expand the number of filings beyond those contemplated by ARFLP 35(A), and in fact did so.  By filing replies in support of his motions to dismiss, Husband effectively filed sur-replies that the rules do not allow.  The court would have been justified had it rejected the motions to dismiss on that ground.

**¶17**        We do not quarrel with the trial court's finding that Wife took unreasonable positions in this litigation.  But Husband's counsel's disregard of ARFLP 35 unreasonably expanded the very work for which he was awarded fees, and Wife should not bear the burden of Husband's counsel's abuse of the rules.

**¶18**        We hold that Husband is not entitled to attorney's fees resulting from his improper post-decree briefing.   Accordingly, we remand for a recalculation of Husband's fee award.

**¶19**        Husband also requests an award of attorney's fees on appeal.  In our discretion, we deny his request.

**CONCLUSION**

**¶20**        For the foregoing reasons, we affirm the denial of Wife's motion to set aside, but vacate the award of attorney's fees and remand for recalculation of the award.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5