NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Estate of:

MARGARET C. CLAXTON, *Deceased*.

RICHARD WILLIAM CLAXTON, *Petitioner/Appellant*,

*v.*

MARY MARGARET BROOKS, et al., *Respondents/Appellees*.

No. 1 CA-CV 25-0685 PB

FILED 05-18-2026

Appeal from the Superior Court in Maricopa County
No. PB1997-001803
The Honorable Elizabeth T. Bingert, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Richard William Claxton, Phoenix
*Petitioner/Appellant*

Dyer Bregman & Ferris, PLLC, Phoenix
By Charles M. Dyer, Nathanael J. Scheer, Kyle H. Bycroft
*Counsel for Respondent/Appellee Mary Margaret Brooks*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Chief Judge Randall M. Howe joined.

---

**B R O W N**, Judge:

¶1        Richard W. Claxton ("Claxton") appeals the superior court's order denying his motion to reopen Margaret C. Claxton's ("Decedent") probate, asserting Mary M. Brooks ("Brooks") breached her fiduciary duty as personal representative of Decedent's estate, committed fraud, and failed to conduct an estate accounting.  For the following reasons, we affirm.

## BACKGROUND

¶2        Decedent executed her last will and testament in 1991, naming Brooks as personal representative and dividing her property among her four children, including $50,000 to Claxton to be held in trust by Brooks.  The will authorized Brooks to distribute no more than $500 of trust net income to Claxton monthly, as directed by him, until the trust terminated.  The trust was to terminate upon Claxton's death or when the principal and interest were "used in full."  When Decedent died in 1997, the superior court granted Brooks' petition for probate of the will and appointment as personal representative.  At that time, Claxton was serving two life sentences in prison.

¶3        Brooks filed a closing statement in October 2022, effectively closing the probate.  Brooks stated the final distribution of Claxton's assets took place in July 2022 and the estate had no other assets.

¶4        Claxton moved to reopen the probate in July 2025, alleging Brooks breached her fiduciary duty by failing to: (1) open and fund an interest-bearing account for Claxton's $50,000 bequest, (2) distribute the estate in accordance with the will, (3) timely close the probate proceedings, and (4) provide notice or an accounting to Claxton.  Brooks responded, claiming Claxton's motion was untimely.  She also explained that she deposited $50,000 into an account ("Account"), and Claxton was aware of all transactions because he requested that Account funds be sent to prison, given to his girlfriend, or used to ship items to him.  Brooks also asserted that the Account remained open until Claxton was able to obtain the

remaining funds and close the Account, which then allowed her to file the closing statement.

¶5 In denying the motion, the superior court construed Claxton's motion as a claim that Brooks "breached her fiduciary duty in the administration of the [D]ecedent's estate." The court then explained:

> [T]he closing statement was filed December 5, 2022. No proceedings involving the personal representative were pending at the one-year mark, and the present Motion was filed July 7, 2025, which is more than 31 months after the filing of the closing statement.

> Whether construed as a general challenge to administration or as a claim of fiduciary breach, the motion is untimely under both A.R.S. § 14-3933(B) and § 14-3935. The statutory deadlines operate independently but concurrently, and the movant failed to initiate proceedings within the permissible time under either.

¶6 Claxton moved for reconsideration, asserting in part the court failed to consider whether fraud tolled the statute of limitations. The court denied the motion. Claxton timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(9).

## DISCUSSION

¶7 Claxton argues the superior court erred in rejecting his claims that Brooks breached her fiduciary duties and committed fraud while serving as personal representative of Decedent's estate and as trustee of the Account. We review questions of law, including the applicability of a particular statute of limitations, de novo. *Larue v. Brown*, 235 Ariz. 440, 443, ¶ 14 (App. 2014).

¶8 We first note that Claxton's briefing contains serious deficiencies. *See* ARCAP 13(a)(7) (requiring parties to cite legal authority and portions of the record on which they rely); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (appellant must "present and address significant arguments, supported by authority that set forth [his] position on the issue[s] in question"). Many of Claxton's factual assertions lack specific record cites, he includes several fictitious or inaccurate case citations, and he relies on numerous law firm articles without explaining their relevance or persuasive value. Though we could conclude that he has

waived his arguments, in our discretion we decline to do so. *See Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137, ¶ 7 n.2 (App. 2011) (acknowledging ARCAP 13 waiver is discretionary).

**¶9** Turning to the merits of Claxton's appeal, Brooks filed the closing statement in December 2022. In July 2025, well beyond the six-month limitations period for asserting claims against a personal representative for breach of fiduciary duty, *see* A.R.S. § 14-3935, Claxton moved to reopen the probate. Thus, the superior court properly concluded that Claxton's breach of fiduciary duty claim against Brooks as personal representative is barred. To the extent Claxton claims that Brooks breached a separate duty as Account trustee, he has waived that claim because he did not raise it in the superior court. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 594, ¶ 25 (App. 2021).

**¶10** Claxton also suggests the court erred by failing to recognize Brooks committed fraud by failing to deposit Decedent's $50,000 bequest into an interest-bearing account. Fraud, however, must be alleged with particularity. Ariz. R. Civ. P. 9(b); *see Town & Country Chrysler Plymouth v. Porter*, 11 Ariz. App. 369, 371 (1970*)* (stating elements of fraud). Claxton's unverified motion failed to adequately allege such facts against Brooks. Thus, his fraud claim cannot prevail.

**¶11** Claxton further claims Brooks failed to provide final or annual accountings. Under A.R.S. § 14-3935, the six-month statute of limitations following the filing of the closing statement does not include "rights to recover from a personal representative for fraud, misrepresentation, or inadequate disclosure related to the settlement of the decedent's estate." However, as this court explained in *Tovrea v. Nolan,* 178 Ariz. 485 (App. 1993),"'inadequate disclosure' cannot be singled out and separated from its accompanying context of 'fraud' and 'misrepresentation.'" *Id.* at 489. Therefore, an inadequate disclosure claim must be accompanied by a fraud or misrepresentation claim. *Id.* ("We do not believe the legislature intended to exempt from the six-month limitation period the mere failure or refusal to provide the accounting required under § 14-3931, absent some form of fraud or purposeful misrepresentation, which appellants failed to demonstrate.").

**¶12** As noted, Claxton has not pled a proper claim for fraud; nor has he alleged misrepresentation. He was deprived of the opportunity to present his claim only by his own inaction. *See id.* His accounting claim, which he raised more than two years after the filing of the closing statement, is barred.

¶13　　　　Claxton also asserts Brooks did not prudently invest, protect, or distribute the $50,000 bequest.  But Claxton first raised this issue in his motion for reconsideration, and we generally do not consider arguments raised for the first time in a motion for reconsideration.  *See Evans Withycombe, Inc. v. W. Innovations, Inc.,* 215 Ariz. 237, 240, ¶ 15 (App. 2006). Thus, we decline to address this issue.

¶14　　　　According to Claxton, Brooks also failed to give him proper notice of the probate proceedings.  But notice of the personal representative appointment hearing was published in the newspaper and mailed to Claxton.  The record also shows that notice of Brooks' appointment as personal representative, as well as the closing statement, were mailed to Claxton.  He has not shown that Brooks failed to comply with applicable notice requirements.

¶15　　　　Claxton further asserts a notice of *lis pendens* recorded in relation to a parcel of real property owned at one time by the estate confirms the need for judicial protection over the estate.  But he has not shown how that unrelated litigation has any bearing on the issues about the Account.

¶16　　　　Finally, Claxton claims Brooks' appellate counsel has a conflict of interest.  Even assuming that is true, we have no jurisdiction over attorney discipline matters.  *See* Ariz. R. Sup. Ct. 46(a) (recognizing the jurisdictional authority of the Arizona Supreme Court and the State Bar of Arizona over lawyer disciplinary issues).

## CONCLUSION

¶17　　　　We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR

5